THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GARY L. EASLEY, Defendant-Appellant.

Fifth District    No. 5—86—0409

Opinion filed February 20, 1987.

Daniel M. Kirwan and Julia M. Gentile, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Sherri L. E. Tungate, State's Attorney, of Louisville (Kenneth R. Boyle, Stephen E. Norris, and Kim G. Noffke, all of State Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE JONES delivered the opinion of the court:

The defendant, Gary L. Easley, pleaded guilty to aggravated assault, reckless conduct, and two counts of unlawful use of weapons before the Honorable Dennis Berkbigler, who accepted the pleas of guilty, entered judgments of conviction and sentenced defendant to probation. As an incident of that probation, defendant was to serve 60 days in the county jail. A petition to revoke probation was subsequently filed, and it was assigned to the Honorable Robert Stocke for hearing. At the start of the hearing, defendant objected to Judge Stocke's having the case because he had not been the judge presiding when defendant had been sentenced to probation. Finding that 5—6—4 of the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1985, ch. 38, par. 1005—6—4), which deals with violation, modification or revocation of probation, did not require that the same judge who imposed probation should preside at the revocation proceedings, Judge Stocke presided at the hearing and revoked defendant's probation. Defendant was sentenced by Judge Stocke to probation with periodic imprison-

ment as an incident of that probation.

On appeal, defendant contends that he should have been resentenced by Judge Berkbigler, citing section 5—6—4(h) of the Code, which provides in relevant part:

> "Resentencing after revocation of probation \*\*\* shall be under Article 4." (Ill. Rev. Stat. 1985, ch. 38, par. 1005—6—4(h).)

Section 5—4—1(b) of the Code provides in relevant part:

> "The judge who presided at the trial or the judge who accepted the plea of guilty shall impose the sentence unless he is no longer sitting as a judge in that court." (Ill. Rev. Stat. 1985, ch. 38, par. 1005—4—1(b).)

The State argues that the above-quoted portion of section 5—4—1 is violative of the separation of powers clause of the Illinois Constitution (Ill. Const. 1970, art. II, sec. 1). The State relies on the recent opinion of our supreme court in *People v. Joseph* (1986), 113 Ill. 2d 36, 495 N.E.2d 501, where it was held that section 122—8 of the Post-Conviction Hearing Act (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 122—1 *et seq.*) violates the separation of powers clause of the Illinois Constitution since section 122—8 improperly encroaches upon the area of court administration. Section 122—8 required that all post-conviction proceedings "shall be conducted and all petitions shall be considered by a judge who was not involved in the original proceedings which resulted in conviction."

Defendant argues that *Joseph* is distinguishable from the case at bar in that a post-conviction proceeding is a new proceeding, while resentencing after revocation of probation is not a new proceeding.

It is true, as defendant contends, that a proceeding under the Post-Conviction Hearing Act is a new proceeding and in that respect differs from a resentencing upon the revocation of probation, a proceeding that represents a continuation of the same case. Nevertheless, although it can be said that the relevant statutes differ in purpose and function, they are similar in structure in one fatal respect: both embody a legislative directive upon the courts to assign particular judges to a particular duty. This similarity dictates our finding that the *Joseph* case is controlling here and that section 5—4—1(b) of the Code is unconstitutional insofar as it prescribes judicial duties.

The separation of powers clause of our Constitution provides: "The legislative, executive and judicial branches are separate. No branch shall exercise powers properly belonging to another." (Ill. Const. 1970, art. II, sec.1.) This provision does not contemplate rigidly separated compartments; however, if a power is judicial in character, the legislature is prohibited from exercising it. *People v. Joseph*

(1986), 113 Ill. 2d 36, 495 N.E.2d 501.

■ Article VI, section 7 (Ill. Const. 1970, art. VI, sec. 7(c)), provides that "[s]ubject to the authority of the Supreme Court, the Chief Judge shall have general administrative authority over his court, including authority to provide for divisions, general or specialized, and for appropriate times and places of holding court[,]" while article VI, section 16 (Ill. Const. 1970, art. VI, sec. 16), provides that "[g]eneral administrative and supervisory authority over all courts is vested in the Supreme Court and shall be exercised *** in accordance with its rules." Pursuant to those constitutional provisions, our supreme court has not hesitated to protect the court's authority when the legislature has encroached upon a fundamental judicial prerogative. In *Joseph*, our supreme court held that section 122—8 was unconstitutional because it encroached on the area of court administration. The supreme court further ruled that assuming that the statute, standing alone, does not represent a violation of the separation of powers clause, the legislature is without authority to interfere with a product of our supreme court's supervisory and administrative responsibility. In other words, if a statute conflicts with a rule of the supreme court adopted pursuant to constitutional authority, the supreme court rule must prevail.

In this case, that portion of section 5—4—1(b) of the Code providing that "[t]he judge who presided at the trial or the judge who accepted the plea of guilty shall impose the sentence unless he is no longer sitting as a judge in that court" (Ill. Rev. Stat. 1985, ch. 38, par. 1005—4—1(b)) conflicts with Supreme Court Rule 21 (94 Ill. 2d R. 21). The rule provides:

> "(a) Appellate Court and Circuit Court Rules. A majority of the Appellate Court judges in each district and a majority of the circuit judges in each circuit may adopt rules governing civil and criminal cases which are consistent with these rules and the statutes of the State ***.
>
> (b) General Orders. The chief judge of each circuit may enter general orders in the exercise of his general administrative authority, including orders providing for assignment of judges ***." 94 Ill. 2d R. 21.

■ Defendant also argues that a judge who has heard the evidence at trial or the factual basis for a guilty plea is in a better position to impose a sentence that would result in defendant's rehabilitation than is a judge who is not as familiar with the underlying basis for the conviction. While it is perhaps true that the judge who originally imposed sentence should, whenever possible, impose sentence af-

ter revocation of probation, this concept does not lessen the fact that the aforementioned portion of section 5—4—1(b) is in conflict with our supreme court's rule and is an encroachment on the court's administrative responsibilities.

■■ Defendant finally contends that the record does not reflect that Judge Stocke was familiar with the factual basis of the offense for which defendant was being sentenced. In his motion to vacate sentence, defendant did not allege that Judge Stocke was unfamiliar with the factual basis for the convictions. Further, at the sentencing hearing, defendant did not ask the court what weight was assigned to the factual basis of the pleas when sentence was imposed. Accordingly, defendant has waived this issue for purposes of appeal. See *People v. Davis* (1982), 93 Ill. 2d 155, 442 N.E.2d 855.

For the foregoing reasons, we find that the above-quoted portion of section 5—4—1(b) is unconstitutional, and the judgment of the circuit court of Clay County is affirmed.

Affirmed.

KARNS, P.J., and HARRISON, J., concur.