(No. 64968.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. GARY L. EASLEY, Appellant.

*Opinion filed February 11, 1988.*

Daniel M. Kirwan, Deputy Defender, and Julia M. Gentile, Assistant Defender, of the Office of the State Appellate Defender, of Mt. Vernon, for appellant.

Neil F. Hartigan, Attorney General, of Springfield, and Sherri L. E. Tungate, State's Attorney, of Louisville

(Kenneth R. Boyle, Stephen E. Norris and Kim G. Noffke, of the Office of the State's Attorneys Appellate Prosecutor, of Mt. Vernon, of counsel), for the People.

JUSTICE CUNNINGHAM delivered the opinion of the court:

In the circuit court of Clay County defendant, Gary Easley, was charged by information with attempted murder (Ill. Rev. Stat. 1983, ch. 38, pars. 8—4, 9—1), reckless conduct (Ill. Rev. Stat. 1983, ch. 38, par. 12—5(a)), aggravated assault (Ill. Rev. Stat. 1983, ch. 38, par. 12—2(a)(1)), and unlawful use of weapons (Ill. Rev. Stat. 1983, ch. 38, par. 24—1(a)(4)). A directed verdict was entered in favor of defendant on the charge of attempted murder, and he pleaded guilty to the charges of reckless conduct, aggravated assault and unlawful use of weapons.

The appellate court found that because defendant's current sentence was entered by a different judge than the one who presided at the trial, the sentencing procedure did not comply with section 5—4—1(b) of the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1985, ch. 38, par. 1005—4—1(b)). Nevertheless, the appellate court upheld defendant's current sentence, finding the pertinent provision of section 5—4—1(b) unconstitutional. (152 Ill. App. 3d 839.) Pursuant to Supreme Court Rule 317 (107 Ill. 2d R. 317), we granted defendant's petition for leave to appeal as a matter of right.

The judge who presided at the trial, who directed the verdict regarding the attempted murder charge, and who accepted defendant's guilty pleas regarding the related charges sentenced defendant (in June 1985) to 12 months' probation and 60 days' imprisonment. Subsequently, on December 16, 1985, defendant appeared for a probation violation hearing, which was conducted by a judge other than the one who presided at the trial. The

judge who presided at the trial was no longer sitting as a judge in the Clay County court; he had been assigned elsewhere in the circuit pursuant to a rotation schedule. The judge presiding at the probation revocation hearing revoked defendant's initial probation and, in a subsequent sentencing hearing, sentenced him to 24 months' probation plus 14 months' periodic imprisonment. The judge imposing this latter sentence later modified it to 12 months' probation and 12 months' periodic imprisonment.

Defendant contends that his modified sentence following probation revocation must be vacated. Defendant argues that, since the trial judge was at all relevant times still sitting in the circuit (though not in Clay County), he was required, pursuant to section 5—4—1(b) of the Code (Ill. Rev. Stat. 1985, ch. 38, par. 1005—4—1(b)), to preside over the sentencing hearing.

Section 5—6—4(3)(h) of the Code (Ill. Rev. Stat. 1985, ch. 38, par. 1005—6—4(3)(h)) provides that sentencing after probation revocation shall be governed by section 5—4—1(b) of the Code (Ill. Rev. Stat. 1985, ch. 38, par. 1005—4—1(b)). The portion of section 5—4—1(b) on which defendant relies states that at a sentencing hearing following a determination of guilt, "[t]he judge who presided at the trial or the judge who accepted the plea of guilty shall impose the sentence unless he is no longer sitting as a judge in that court." The appellate court accepted defendant's construction of the quoted portion of section 5—4—1(b) but found that the provision, as so construed, violates the separation of powers principle embodied in the Illinois Constitution of 1970. Ill. Const. 1970, art. II, §1.

We find it unnecessary to address the constitutionality of the section 5—4—1(b) provision that the trial judge conduct the sentencing hearing, since the provision has no application to the instant case. The disputed portion

of section 5—4—1(b) states only that the judge shall conduct the sentencing hearing if he is then still sitting "in that court." As we construe this language, it refers to the particular division of the particular county court in which the trial was held. Since the judge presiding at defendant's trial was no longer sitting in the Clay County court when the post-probation-revocation sentencing hearing occurred, he was not required to conduct the sentencing hearing.

Although defendant argues that the disputed provision clearly refers to a circuit court, he cites no authority for this position and we have found none. The statute is, in fact, ambiguous, and we therefore rely on certain well-established rules of construction in ascertaining the General Assembly's intent. In determining that intent we note that where, as here, a statute admits of more than one construction, a court may properly consider the consequences of alternative constructions, as well as the nature and objects of the statute itself. *Andrews v. Foxworthy* (1978), 71 Ill. 2d 13.

Defendant advocates a construction the consequences of which would substantially disrupt efficient court administration. His construction would dictate that the judge who conducted the trial, but who has since moved to the court of a different county within the same circuit, must travel perhaps many miles for the sole purpose of conducting a single sentencing hearing. Similarly, under defendant's construction a judge who conducted a criminal trial, but who has since moved to a different division of either a single or multiple county circuit, would be required to disrupt his schedule to handle a matter wholly unrelated to the type of cases over which he is then presiding. Thus, defendant's construction would result in substantial inconvenience.

It is well established that a particular statutory construction which would result in great inconvenience or

absurd consequences should be avoided unless the General Assembly clearly intended such a construction. (*Brotherhood of Railroad Trainmen v. Elgin, Joliet & Eastern Ry. Co.* (1943), 382 Ill. 55, 65; *Village of Glencoe v. Hurford* (1925), 317 Ill. 203, 220.) This rule of construction clearly supports our interpretation. Concededly, this principle should be viewed in conjunction with the principle that an ambiguous statute must be construed to avoid injustice. (*City of Chicago v. Mayer* (1919), 290 Ill. 142.) However, we find no injustice in having a sentence imposed by a judge other than the one who conducted the trial, provided that the sentencing judge has access to the full record.

The provision's legislative history also supports our construction. In ascertaining legislative intent, courts may examine the history of the legislation and the course it has taken. (*Acme Fireworks Corp. v. Bibb* (1955), 6 Ill. 2d 112.) In studying the legislative history, courts may consider the notes and reports of the commission pursuant to which a statutory provision was adopted. (*People v. Hickman* (1973), 12 Ill. App. 3d 412, *aff'd and remanded* (1974), 59 Ill. 2d 89, *cert. denied* (1975), 421 U.S. 913, 43 L. Ed. 2d 779, 95 S. Ct. 1571.) In this respect we find useful certain statements of the Council on the Diagnosis and Evaluation of Criminal Defendants (Council), which was established by the General Assembly, which submitted a draft of the Code to the General Assembly, and which worked with subcommittees in revising the Code prior to its initial enactment. (See Council on the Diagnosis and Evaluation of Criminal Defendants, *Illinois Unified Code of Corrections*, Foreword (West Publishing Co. 1972).) The Council has stated that the provision codifies "the former Illinois practice of having the trial judge pass sentence." Ill. Ann. Stat., ch. 38, par. 1005—4—1, Council Commentary, at 276 (Smith-Hurd 1982).

We do not dispute that routinely in the circuit courts of this State sentencing is imposed by the same judge who conducted the trial. However, this practice (of which the statute is a codification) has never been invariable and has certainly never dictated that a trial judge return from a distant county or a different division in the same county for the sole purpose of conducting a single sentencing hearing. Consequently, we believe that the General Assembly, in codifying the former practice, did not intend to require a circuit judge to return to a county court or a particular division in which he formerly presided solely to conduct a sentencing hearing.

We strictly limit our holding to the construction of the statutory provision in issue here, which deals only with sentencing. We do not address whether the provision is mandatory or permissive, nor do we address whether the provision is constitutional. (See *People v. Davis* (1982), 93 Ill. 2d 155 (construing sections 5—4—1(c) and 5—8—1(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, pars. 1005—4—1(c), 1005—8—1(b)) as permissive and rejecting a claim that those provisions violated the separation of powers principle embodied in the Illinois Constitution (Ill. Const. 1970, art. II, §1)).) We hold only that the sentencing provision does not apply where, as here, the need for a sentencing hearing occurs after the judge entering the finding of guilt has departed from the division or county in which such finding was entered. We anticipate that this situation will arise primarily when sentencing is imposed following revocation of probation, conditional discharge or supervision. (Ill. Rev. Stat. 1985, ch. 38, pars. 1005—6—4(3)(h), 1005—6—4.1(h).) Sentencing in such instances often occurs many months after the finding of guilt, by which time the judge entering the finding has left the division or county. Our ruling in no way addresses any pro-

ceedings following a finding of guilt other than sentencing hearings.

We find no error in the fact that defendant's sentence was imposed by a judge other than the judge presiding at his trial. Accordingly, while we hold that the appellate court should not have addressed the constitutionality of section 5—4—1(b) of the Code (Ill. Rev. Stat. 1985, ch. 38, par. 1005—4—1(b)), and thus vacate that portion of the decision, we agree with the appellate court's conclusion that defendant's sentence must be affirmed.

*Affirmed in part; vacated in part; sentence affirmed.*