THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARK D. PATTON, Defendant-Appellant.

Third District    No. 3—97—0174

Opinion filed August 12, 1998.

Rachel J. Keenan, of State Appellate Defender's Office, of Ottawa, for appellant.

Stewart J. Umholtz, State's Attorney, of Pekin (John X. Breslin and Nancy Rink Carter, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LYTTON delivered the opinion of the court:

Pursuant to a partially negotiated agreement, defendant Mark D. Patton pleaded guilty to one count of burglary (720 ILCS 5/19—1 (West 1994)) and another burglary charge was dismissed. He was sentenced to an extended term of 14 years' imprisonment by Circuit Judge Robert Cashen. Defendant filed a motion to reconsider sentence, which was denied. He appealed, and this court remanded the cause for compliance with the attorney's certificate requirement of Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)). Defendant's amended motion to reconsider was subsequently denied by Circuit Judge Scott Shore.

In this appeal, defendant argues that (1) the court erred in denying his request to schedule the hearing on his amended motion to reconsider before Judge Cashen; and (2) his 14-year sentence should be ordered to run concurrently with the unserved portion of prison sentences previously imposed by the State of Missouri. We affirm.

## FACTS

The record shows that defendant was serving a 35-year sentence for assault with intent to kill with malice aforethought when he escaped from a Jackson County, Missouri, correctional facility on August 14, 1993. While still a resident of the Missouri correctional facility, defendant was also convicted of delivery/possession of drugs, for which he received a five-year sentence to be served consecutively to the sentence for assault. Defendant remained free until his arrest for the Tazewell County, Illinois, burglaries in this case.

Prior to sentencing, defendant moved for a continuance so that he

could return to Missouri to face escape charges. However, Judge Cashen denied the request and further refused to order that defendant's Illinois sentence be served concurrently with the remainder of the terms previously imposed in Missouri. Judge Cashen then imposed the maximum extended-term prison sentence and subsequently denied defendant's motion to reconsider.

After defendant's first appeal was remanded, defendant amended his motion to reconsider sentence, and the cause was set for a hearing before Judge Scott Shore. Defendant requested that the motion be heard by Judge Cashen. However, Judge Cashen had been transferred out of Tazewell County, and the chief judge of the circuit had assigned Cashen's cases to Judge Shore. Accordingly, Judge Shore denied defendant's request to reschedule the cause for a hearing before Judge Cashen.

In his amended motion to reconsider sentence, defendant renewed his request that the Illinois sentence be ordered to run concurrently with the remainder of his Missouri sentences. Defendant introduced evidence establishing that under Missouri law, his escape interrupted the sentence he was serving until such time as he returned to a correctional facility in Missouri. Defendant had six years and eight months left to serve on sentences imposed in that state. Judge Shore denied defendant's motion.

## I.

### REQUEST FOR HEARING BEFORE JUDGE CASHEN

On appeal, defendant argues that the court violated Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)) by refusing to schedule his amended motion for reconsideration to be heard by Judge Cashen. Defendant contends that the rule requires the original sentencing judge to review his own sentencing decision on a motion to reconsider unless he is unavailable, that is, dead or retired. Judge Cashen was neither; therefore, defendant reasons, Judge Cashen was not unavailable and should have heard defendant's motion.

The rule provides that a motion to reconsider sentence "shall be presented promptly to the trial judge by whom the defendant was sentenced, and if that judge is then not sitting in the court in which the judgment was entered, then to the chief judge of the circuit, or to such other judge as the chief judge shall designate." 145 Ill. 2d R. 604(d).

In an analogous situation, our supreme court ruled that a judge who was assigned to another county after sentencing a defendant to probation was "no longer sitting as a judge in that court" for subsequent probation revocation proceedings. *People v. Easley*, 119 Ill. 2d 535, 519

N.E.2d 914 (1988) (construing section 5—4—1(b) of the Unified Code of Corrections (the Code) (730 ILCS 5/5—4—1(b) (West 1996))). In *Easley*, as here, the defendant argued that a judge who was merely assigned to another court was still "sitting" in the circuit and therefore required to preside over subsequent proceedings in the same cause. The court disagreed, holding that the statutory language referred to the particular division of the particular county court in which the defendant's trial was held. *Easley*, 119 Ill. 2d at 539, 519 N.E.2d at 915.

Defendant correctly notes that Rule 604(d), like section 5—4—1 of the Code, indicates a strong preference for having the same judge who presided at the guilt phase of a cause rule over subsequent sentencing proceedings. However, the principle that trial courts are required to strictly comply with the mandates of the rule (see *People v. Wilk*, 124 Ill. 2d 93, 529 N.E.2d 218 (1988); *People v. Reed*, 213 Ill. App. 3d 855, 572 N.E.2d 437 (1991)) lends no support to defendant's position. The plain language of the rule allows for a different judge to hear postplea motions when the original sentencing judge has been transferred to another court within the circuit. To construe the rule as defendant suggests not only strains the language of the rule, but would impede efficient court administration or result in absurd consequences by requiring judges to travel across the circuit for a single postplea hearing. See *Easley*, 119 Ill. 2d 535, 519 N.E.2d 914.

A judge who has been transferred to a different court before a defendant's motion to reconsider sentence is heard is "then not sitting in the court in which the judgment was entered." Accordingly, the trial court did not err in denying defendant's request to reschedule his amended motion for a hearing before Judge Cashen.

## II.

### REQUEST FOR CONCURRENT SENTENCING

Next, defendant argues that his 14-year sentence in this case should be ordered to run concurrently with the remainder of his Missouri sentence. Defendant contends that since Judge Cashen did not specify that his Illinois and Missouri sentences should run consecutively, they are required to run concurrently. Defendant's argument presumes that he is subject to a prison sentence in Missouri and hinges on the provision that "[s]entences shall run concurrently unless otherwise specified by the court." 730 ILCS 5/5—8—4(a) (West 1996).

A closer look at section 5—8—4(a) in conjunction with Missouri law reveals the fallacy of defendant's argument. Section 5—8—4(a) provides in relevant part:

"[W]hen a term of imprisonment is imposed on a defendant *who is*

*already subject to sentence \*\*\* in another state \*\*\** the sentences shall run concurrently or consecutively as determined by the court." (Emphasis added.) 730 ILCS 5/5—8—4(a) (West 1996).

Section 5—8—4(a) would apply if a sentence that was previously imposed in Missouri could potentially be served concurrently with an Illinois prison sentence. However, under Missouri law, a defendant's escape from prison "interrupts" his sentence until he returns to a correctional facility in Missouri. Mo. Rev. Stat. § 558.031.4 (1986). Until the escapee returns to a Missouri correctional facility, he is not "subject to sentence" in Missouri and there is no Missouri sentence to run concurrently with an Illinois sentence. It is ultimately up to Missouri to determine whether a Missouri escapee's subsequent imprisonment in Illinois may be used to offset any unserved portion of a prison term previously imposed in Missouri. See *State v. Cooksey*, 830 S.W.2d 421 (Mo. 1992).

In this case, defendant's escape from the Missouri correctional facility interrupted his sentence effective August 14, 1993, such that he was not "subject to sentence" in Missouri when he was sentenced in Illinois. Therefore, section 5—8—4(a) of the Code was not applicable, and the trial court properly declined to order that defendant's 14-year sentence run either concurrently or consecutively with the unserved Missouri terms.

## CONCLUSION

The judgment of the circuit court of Tazewell County is affirmed.

Affirmed.

KOEHLER and SLATER, JJ., concur.