*In re* TIMOTHY T. *et al.*, Minors (The People of the State of Illinois, Petitioner-Appellee, v. Michelle Todd, Respondent-Appellant).

Fourth District No. 4—03—0239

Opinion filed November 3, 2003.

Daniel B. Kennedy, of Champaign, for appellant.

John C. Piland, State's Attorney, of Urbana (Norbert J. Goetten and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN delivered the opinion of the court:

Following a February 2003 hearing, the trial court entered a dispositional order adjudging Timothy T. (born October 6, 1996) and Hannah L. (born September 26, 1999), the minor children of respondent, Michelle Todd, wards of the court and placing them in the custody and guardianship of the Department of Children and Family Services (DCFS).

Respondent appeals, arguing that the trial court erred by (1) conducting the dispositional hearing without first entering a written adjudicatory order and (2) unifying the adjudicatory and dispositional hearings. We affirm.

# I. BACKGROUND

In August 2002, the State filed a petition for the adjudication of wardship of Timothy T. and Hannah L., alleging that (1) they were neglected minors because respondent and her boyfriend, Timothy Lisby (who was the biological father of Hannah L.), had abandoned them without a proper plan of care (count I); and (2) they were neglected minors because respondent created an environment injurious to their welfare in that the children were exposed to the risk of sexual abuse while residing with respondent and Lisby (count II).

In October 2002, the State dismissed count I of its petition. Between October 2002 and January 2003, other proceedings took place that are not pertinent to this appeal. In early January 2003, the trial court scheduled the State's petition for a February 5, 2003, hearing.

At the beginning of the February 5, 2003, adjudicatory hearing, the State filed an amended petition for the adjudication of wardship of Timothy T. and Hannah L. The petition realleged count I and further alleged that Timothy T. was a neglected minor because respondent created an environment injurious to his welfare in that he was exposed to risks of physical harm and substance abuse while residing with respondent and Lisby. The trial court then conducted the adjudicatory hearing and made an oral finding that Timothy T. and Hannah L. were "neglected," within the meaning of section 2—3(1)(b) of the Juvenile Court Act of 1987 (Act) (705 ILCS 405/2—3(1)(b) (West 2002)), in that they lived in an environment injurious to their welfare.

Immediately following the adjudicatory hearing, the trial court held a dispositional hearing. The court had not yet entered a written adjudicatory order setting forth its findings of neglect—and would not do so until February 27, 2003. At the conclusion of the dispositional hearing, the court made Timothy T. and Hannah L. wards of the court and placed them in the custody and guardianship of DCFS.

This appeal followed.

# II. ANALYSIS

## A. Conducting the Dispositional Hearing Without First Entering the Written Adjudicatory Order

Respondent first argues that the trial court erred by conducting the dispositional hearing without first entering a written adjudicatory order, as is required by section 2—21(2) of the Act (705 ILCS 405/2—21(2) (West 2002)). We disagree.

■ Section 2—21(2) of the Act provides, in pertinent part, as follows:

"If *** the court determines[,] and puts in writing the factual basis supporting the determination[,] that the minor is ***

neglected \*\*\*, the court shall then set a time[,] not later than 30 days after the entry of the finding[,] for a dispositional hearing \*\*\*." 705 ILCS 405/2—21(2) (West 2002).

■ We review *de novo* issues of statutory construction. "The primary purpose of statutory construction is to determine and give effect to the legislature's intent, while presuming the legislature did not intend to create absurd, inconvenient, or unjust results." *In re B.L.S.*, 202 Ill. 2d 510, 514-15, 782 N.E.2d 217, 220-21 (2002). Examining the language of the statute is "the most reliable indicator of the legislature's objectives in enacting a particular law." *Michigan Avenue National Bank v. County of Cook*, 191 Ill. 2d 493, 504, 732 N.E.2d 528, 535 (2000). If the language of the statute is clear and unambiguous, no need exists to resort to other aids of construction. *B.L.S.*, 202 Ill. 2d at 515, 782 N.E.2d at 221. A statute is ambiguous if it is capable of more than one reasonable interpretation. *In re B.C.*, 176 Ill. 2d 536, 543, 680 N.E.2d 1355, 1359 (1997); see *B.L.S.*, 202 Ill. 2d at 517, 782 N.E.2d at 222 ("A statute is ambiguous when it is capable of being understood by reasonably well-informed persons in two or more different senses").

Respondent interprets section 2—21(2) of the Act to mean that "[t]he entry of a written adjudicatory order is a condition precedent to the entry of a dispositional order." In contrast, the State interprets that section to mean that the trial court may schedule a dispositional hearing at the conclusion of the adjudicatory hearing. According to the State, timeliness was the legislature's concern in section 2—21(2), not making the entry of a written adjudicatory order indispensable to the dispositional hearing.

■ Both respondent and the State offer reasonable interpretations of section 2—21(2) of the Act. We thus conclude that the statutory language is subject to more than one reasonable interpretation and is ambiguous. Accordingly, we must employ statutory construction aids to determine legislative intent, while avoiding absurd, inconvenient, or unjust results. See *B.L.S.*, 202 Ill. 2d at 517, 782 N.E.2d at 222 (when a statute is ambiguous, it is appropriate to examine legislative history or other statutory aids). In addition, when a statute is ambiguous, "a court may properly consider the consequences of alternative constructions, as well as the nature and objects of the statute itself." *People v. Easley*, 119 Ill. 2d 535, 539, 519 N.E.2d 914, 915 (1988).

■ Respondent advocates an interpretation of section 2—21(2) that would (1) hinder one of the underlying policies of the Act, and (2) eviscerate the overarching goal of section 2—21(2), which is to speed up the judicial process when the custody of children is at stake. In section 1—2(4) of the Act, the legislature instructs courts to liberally

construe the Act to carry out its underlying purpose and policies (705 ILCS 405/1—2(4) (West 2002)). One of those policies is found in section 1—2(2) of the Act, which states as follows:

"In all proceedings under this Act[,] the court may direct the course thereof so as *promptly* to ascertain the jurisdictional facts and fully to gather information bearing upon the current condition and future welfare of persons subject to this Act." (Emphasis added.) 705 ILCS 405/1—2(2) (West 2002).

Further, in enacting and amending section 2—21(2) of the Act, the legislature was addressing this promptness concern. As originally enacted, that section provided that "[i]f the court finds and notes in its findings that the minor is either abused or neglected or dependent, the court shall then set a time for a dispositional hearing." Ill. Rev. Stat. 1989, ch. 37, par. 802—21(2). Effective July 1, 1991, the legislature amended section 2—21(2) to provide that the court should schedule a dispositional hearing "not later than 30 days after the entry of the finding" of abuse, neglect, or dependency. See Pub. Act 86—1293, § 2, eff. July 1, 1991 (1990 Ill. Laws 2315, 2317) (amending Ill. Rev. Stat. 1989, ch. 37, par. 802—21(2) (now 705 ILCS 405/2—21(2) (West 2002))). The legislative debate regarding House Bill 3722 (which became Public Act 86—1293) reveals that the legislature's intent in amending section 2—21(2) was to require that the dispositional hearing be held within 30 days of the adjudicatory hearing. See 86th Ill. Gen. Assem., House Proceedings, June 29, 1990, at 208 ("Under current law there is no time limit on when a court must hold the dispositional hearing in which the court decides whether to place a child outside the family home. This [a]mendment would require the dispositional hearing to be held within 30 days of the adjudicatory hearing" (statements of Representative Deuchler)). We are convinced that when the legislature later amended section 2—21(2) to provide that trial courts must put in writing the factual basis supporting the determination of neglect, abuse, or dependency (see Pub. Act 88—614, §110, eff. September 7, 1994 (1994 Ill. Laws 1347, 1386)), it did not intend to alter the overarching goal of that section—namely, that the judicial process be accelerated when decisions regarding the custody of children are at issue.

Were we to accept respondent's interpretation of section 2—21(2), a delay in the setting of the dispositional hearing would be written into the Act. In some instances, the trial court is unable to immediately enter a written adjudicatory order at the conclusion of the adjudicatory hearing. For example, judges who are either new to the bench or new to juvenile court proceedings might not be prepared to enter a written adjudicatory order at the conclusion of the adjudicatory hear-

ing. In such a case, not only would the setting of the dispositional hearing be delayed, but, even more important, the court would not be able to schedule that hearing when all of the concerned parties were present in the courtroom. This is because, if we accepted respondent's construction of section 2—21(2), the trial court could not set a date for the dispositional hearing and make sure the parties and their attorneys, who were present in court, did not have a conflict with that date. Instead, the court would face the severe logistical difficulties of trying later to accommodate by telephone the schedules of all interested parties and their attorneys.

■ Because respondent's suggested interpretation of section 2—21(2) of the Act would (1) hinder both the Act's policy of promptly addressing child welfare and custody issues and the overarching goal of section 2—21(2) and (2) substantially disrupt efficient juvenile court administration by unnecessarily delaying the scheduling of dispositional hearings, we adopt the State's interpretation of section 2—21(2). Accordingly, we hold that under section 2—21(2), the trial court may schedule the dispositional hearing at the conclusion of the adjudicatory hearing, even if the court has not yet entered a written adjudicatory order setting forth the factual basis supporting the court's determination.

Although we have so held, we nonetheless encourage trial courts to immediately enter written orders of adjudication at the conclusion of the adjudicatory hearing if they can do so. To assist courts in doing so, we have attached as an appendix to this opinion a form written adjudicatory order that appears in the Juvenile Law Benchbook, which was prepared by the Illinois Judicial Conference Study Committee on Juvenile Justice. II Juvenile Law Benchbook § Form Orders (Administrative Office of the Illinois Courts September 2002).

### B. Combining the Adjudicatory and Dispositional Hearings

■ Last, respondent argues that the trial court erred by combining the adjudicatory and dispositional hearings. Specifically, she contends that because the court conducted the dispositional hearing immediately following the adjudicatory hearing, the court necessarily combined the hearings. We disagree.

The Act requires that the adjudicatory hearing be conducted separately from the dispositional hearing. *In re V.S.*, 285 Ill. App. 3d 372, 375, 674 N.E.2d 437, 439 (1996); see *In re A.P.*, 277 Ill. App. 3d 592, 600, 660 N.E.2d 1006, 1012 (1996) ("A separate hearing and determination of the child's best interests is mandatory in order to ensure the proper focus on those interests"). However, as this court recognized in *A.P.*, 277 Ill. App. 3d at 600, 660 N.E.2d at 1012, "[t]hat

need not be a lengthy or burdensome process" because the dispositional hearing may be held immediately after the adjudicatory hearing.

Contrary to respondent's assertion, the trial court did not combine the adjudicatory and dispositional hearings. Instead, the record indicates a clear line of demarcation between the adjudicatory and dispositional hearings. At the conclusion of the adjudicatory hearing, the court stated its finding that the children were neglected. The court then stated, in pertinent part, as follows:

"THE COURT: *** *Having so found,* I set this [case] for a *dispositional hearing* as to the respondent mother ***.

\* \* \*

(Recess declared).

THE COURT: Counsel, we are ready to resume after a recess. *** *The court* *** *is calling this [case] for a dispositional hearing instanter.*" (Emphases added.)

We thus conclude that the court did not (1) combine the adjudicatory and dispositional hearings or (2) err by conducting the dispositional hearing immediately following the adjudicatory hearing.

## III. CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

Affirmed.

COOK, J., concurs.

JUSTICE APPLETON, dissenting:

I respectfully dissent from the majority's decision in this case. I find no ambiguity in the language of section 2—21(2). 705 ILCS 405/2—21(2) (West 2002). Rather, the legislature could not have been more clear. "*If* *** the court determines *and* puts in writing the factual basis supporting the determination that the minor is *** neglected ***, the court shall *then set a time*[,] not later than 30 days after the entry of the finding[,] for a dispositional hearing." (Emphases added.) 705 ILCS 405/2—21(2) (West 2002). We give the language of a statute its plain and ordinary meaning. *Michigan Avenue National Bank,* 191 Ill. 2d at 504, 732 N.E.2d at 535. Obviously, the legislature intended the entry of a written adjudicatory order to precede the scheduling of a dispositional hearing. Any other interpretation would distort the plain meaning of section 2—21(2).

Not only does the State's interpretation fail to agree with a natural reading of section 2—21(2), it does not withstand logical scrutiny. If

timeliness were the legislature's only concern in section 2—21(2), it is unclear why only a *written* adjudicatory order would begin the running of a 30-day clock. If, instead of entering a written adjudicatory order, the trial court merely announced its finding of neglect from the bench, would the court then have an indefinite period of time to schedule a dispositional hearing? It would seem so from the State's interpretation. This anomaly vanishes if we understand section 2—21(2) to mean that the trial court has to express its finding of neglect, and the basis therefor, in a written order before setting the time for the dispositional hearing.

Perhaps the legislature thought that before a court even scheduled a hearing on such weighty issues as whether children should be made wards of the court and be removed from their parents' custody, the court should be clear and well-grounded in its finding that the children are indeed abused, neglected, or dependent. Expressing that finding, and the evidentiary bases for it, in a written order could encourage deliberation and clarity. Regardless of the legislature's rationale, the statute says what it says, and our duty is to give effect to its plain language.

## APPENDIX

### STATE OF ILLINOIS
### IN THE CIRCUIT COURT OF THE
### _____ JUDICIAL CIRCUIT
### _____ COUNTY

Case No. _____

In The Interest Of

_____,

_____ a minor.

Date of hearing: _____

Parties present for hearing:

Assistant State's Attorney: _____

Minor: _____ Attorney for minor: _____
Mother: _____ Attorney for mother: _____
Father: _____ Attoney for father: _____
Relative, Guardian, Custodian: _____

## ADJUDICATORY ORDER
[705 ILCS 405/2—21]

**THIS MATTER** comes before the Court for hearing on the date noted above with the parties indicated being present. The parties have been advised of the nature of the proceedings as well as their rights and the dispositional alternatives available to the Court. The case is called for hearing on the Petition for Adjudication of Wardship. The Court makes the following **FINDINGS**:

a. The Court has jurisdiction of the subject matter
b. The Court has jurisdiction of the parties in that the Court file shows that:

 i. The minor has

 □ been served with summons
 □ **not** been served with summons but is present
 □ **not** been served with summons but has entered an appearance and is under the age of 8 years

 ii. The mother of the minor has

 □ been served with summons
 □ **not** been served with summons but is present
 □ been notified by publication
 □ **not** been served with summons but service is not required because:

_____

 iii. The father of the minor has

 □ been served with summons
 □ **not** been served with summons but is present
 □ been notified by publication
 □ **not** been served with summons but service is not required because:

_____

iv. The responsible relative/guardian/custodian of the minor has

- □ been served with summons
- □ **not** been served with summons but is present
- □ been notified by publication
- □ **not** been served with summons but service is not required because:

 _____

v. A diligent search has been conducted but _____ cannot be found.

c. Those respondents who have been served with summons or by publication and have not entered an appearance are in default.

d. The guardian *ad litem* has had personal contact with the minor and with the foster parents or care caregivers of the minor or such contact has been excused [705 ILCS 405/2—17(8)].

e. □ The minor is **not** abused, neglected or dependent based on the following facts:

 _____
 _____
 _____

f. □ Findings of abuse, neglect or dependency are reserved pursuant to 705 ILCS 405/2—20.

g. □ The minor is abused or neglected as defined by 705 ILCS 405/2—3 in that the minor:

- □ suffers from a lack of support, education, remedial care as defined by 705 ILCS 405/2—3(1)(a)
- □ is in an environment that is injurious to the welfare of the minor as defined by 705 ILCS 405/2—3(1)(b)
- □ as a newborn was exposed to illicit drugs as defined by 705 ILCS 405/2—3(1)(c)
- □ is under 14 years of age and unsupervised for an unreasonable period of time as defined by 705 ILCS 405/2—3(1)(d)
- □ is physically abused as defined by 705 ILCS 405/2—3(2)(i)
- □ is in substantial risk of physically abuse as defined by 705 ILCS 405/2—3(2)(ii)
- □ is sexually abused as defined by 705 ILCS 405/2—3(2)(iii)

☐ has been tortured as defined by 705 ILCS 405/2—3(2)(iv)

☐ has been the subject of excessive corporal punishment as defined by 705 ILCS 405/2—3(2)(v)

This finding is based on the following facts: _____

_____

_____

h. The abuse or neglect

☐ was **not** inflicted by a parent, guardian or legal custodian

☐ was inflicted by:

☐ a parent or parents, specifically _____

☐ a guardian specifically _____

☐ a legal custodian specifically _____

☐ _____ who is _____

i. ☐ The minor is dependent as defined by 705 ILCS 405/2—4 in that the minor:

☐ is without a parent, guardian or legal custodian as defined by 705 ILCS 405/2—4(1)(a)

☐ is without proper care because of the physical or mental disability of a parent, guardian or legal custodian as defined by 705 ILCS 405/2—4(1)(b)

☐ is without necessary and proper medical or remedial care through no fault, neglect or lack of concern of a parent, guardian or legal custodian as defined by 705 ILCS 405/2—4(1)(c)

☐ has a parent, guardian or legal custodian who with good cause wishes to be relieved of all residual parental rights and responsibilities as defined by 705 ILCS 405/2—4(1)(d)

This finding is based on the following facts: _____

_____

_____

j. If the minor remains placed outside the home, it is because it is contrary to the health, welfare and safety of the minor to remain in the home, and reasonable efforts have been offered or engaged in by the responsible agency.

**THEREFORE,** it is the **ORDER** of this Court that:

1. The Petition is

 □ **DISMISSED.**

2. The allegations of the petition with respect to the minor have been proved by

 □ a preponderance of the evidence
 □ clear and convincing evidence

3. The dispositional hearing will be held:

 □ *instanter*
 □ on the _____ at _____.
 _____ is to send notice.

4. The 30 day requirement of 705 ILCS 405/2—21(2) is waived by the parties and the waiver is consistent with the health, safety and best interests of the minor.

5. An investigation shall be made and a report prepared by

 □ the Illinois Department of Children and Family Services
 □ _____
 (other agency)
 detailing the physical and mental history of the minor, the family situation and such other relevant information deemed appropriate.

6. The parents and the minor are directed to immediately contact the office of the agency preparing the investigation to make an appointment concerning the report. They are to provide the information requested and execute releases allowing the agency to collect information for the report.

7. The report is to be submitted to the Court and the parties not less than seventy-two (72) hours prior to the dispositional hearing.

8. Terms and conditions concerning the temporary custody of the minor remain as previously set forth in the Temporary Custody

Order. (If custody is removed at the adjudicatory hearing, a written temporary custody order must be used.)

9. **The parents are admonished that they must cooperate with the Illinois Department of Children and Family Services. The parents must comply with the terms of the service plan and correct the conditions that require the minor to be in care or they risk termination of their parental rights.**

Dated _____

_____
 Judge