FIRST DIVISION
FEBRUARY 19, 2008

No. 1-06-2066

| | | |
|---|---|---|
| LARISSA WILLIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff and Counterdefendant-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 04 M1 161956 |
| | ) | |
| NAICO REAL ESTATE PROPERTY AND | ) | |
| MANAGEMENT CORPORATION, | ) | Honorable |
| | ) | Francis J. Dolan, |
| Defendant and Counterplaintiff-Appellee. | ) | Judge Presiding. |

JUSTICE ROBERT E. GORDON delivered the opinion of the court:

Following a jury trial in this tenant-landlord dispute, judgment was entered in favor of the tenant plaintiff Larissa Willis in the amount of $3,395 for the return of her security deposit and annual interest on it under the Residential Landlord Tenant Ordinance of the City of Chicago (RLTO). In addition, judgment was entered in favor of the defendant landlord, Naico Real Estate Property and Management Corporation, in the amount of $788 based on its counterclaim for one month's rent. Thereafter, the court awarded $4,332.20 in attorney fees to plaintiff and $3,582.75 in attorney fees to defendant.

On appeal, plaintiff challenges the award of attorney fees to defendant by raising two issues: (1) whether the trial court properly dismissed with prejudice count IX, which alleged that a certain lease provision regarding attorney fees for the landlord was not enforceable; and (2) whether the trial court properly allowed defendant to recover attorney fees. Although defendant has not filed a brief in response, we may proceed under the principles set forth in First Capitol

Mortgage Corp. v. Talandis Construction Corp., 63 Ill. 2d 128, 133 (1976). We affirm in part and reverse in part.

The record shows that plaintiff and defendant entered into a written lease agreement on June 1, 1997, for an apartment at 4849 West Jackson Boulevard in Chicago. As part of the lease agreement, plaintiff paid a security deposit in the amount of $1,576. The lease was for a rental term of one year, which was renewed annually, and the monthly rent was set at $788. After the lease terminated on May 31, 2004, plaintiff became a month-to-month tenant until she vacated the premises on July 12, 2004.

On September 21, 2004, plaintiff filed her original complaint alleging that defendant violated the RLTO in not refunding her security deposit and for failing to pay annual interest on it. On October 28, 2004, defendant filed a counterclaim, including count I, which alleged that plaintiff breached her lease agreement and owed rent from June 1, 2004, through July 12, 2004, pursuant to the lease agreement. Defendant also claimed damages resulting from plaintiff's possession of the apartment, costs, and attorney fees pursuant to paragraph 25(B) of the lease, which provided:

> "Tenant shall pay Lessor all Lessor's costs, expenses and attorney's
> fees in and about the enforcement of the covenants and agreements
> of this Lease."

On July 18, 2005, plaintiff filed a second amended complaint including count IX, which alleged that defendant, in filing its counterclaim, attempted to enforce an illegal lease provision to obtain attorney fees in violation of the RLTO. On November 22, 2005, plaintiff filed a motion for summary judgment on count IX, arguing that paragraph 25(B) of the lease violated the RLTO in that it required the tenant to pay all of the lessor's costs, expenses, and attorney fees in enforcing the lease. Plaintiff relied on section 5-12-140(f) of the RLTO, which provides:

"Except as otherwise specifically provided

by this chapter, no rental agreement may provide

that the landlord or tenant:

* * *

Agrees that in the event of a lawsuit arising out of

the tenancy the tenant will pay the landlord's attorney's fees

except as provided for by court rules, statute, or ordinance."

Chicago Municipal Code §5-12-140(f) (amended

November 6, 1991).

Defendant filed a section 2-615 motion to dismiss count IX (735 ILCS 5/2-615 (West 2004)), contending that section 5-12-180 of the RLTO provides for a landlord, if he is a prevailing plaintiff, to be awarded all court costs and reasonable attorney fees. Section 5-12-180 provides:

"Except in cases of forcible entry and detainer actions, the

prevailing plaintiff in any action arising out of a landlord's or

tenant's application of the rights or remedies made available in this

ordinance shall be entitled to all court costs and reasonable

attorney's fees." Chicago Municipal Code § 5-12-180 (amended

November 6, 1991).

In response, plaintiff contended that section 5-12-180 of the RLTO did not apply because defendant alleged a common law breach of the lease, not a claim under the RLTO. The trial court granted defendant's motion to dismiss count IX with prejudice on April 11, 2006, stating that, "[c]ount IX of plaintiff's complaint on its face and in substance is not a claim for relief, regardless of its merits."

As noted, following a jury trial, judgment was entered in favor of plaintiff on counts I through VIII of her third amended complaint in the amount of $3,395, and in favor of defendant on count I of its counterclaim in the amount of $788. In this order, the trial court expressly granted both parties leave to file a petition for attorney fees and respective responses.

Both parties then filed petitions for attorney fees. Plaintiff argued that she was entitled to attorney fees pursuant to section 5-12-180 of the RLTO. Defendant argued that it also was a prevailing plaintiff entitled to attorney fees pursuant to section 5-12-180 of the RLTO and paragraph 25(B) of the lease. On July 7, 2006, the trial court found for plaintiff on her petition for attorney fees in the amount of $4,332.20 pursuant to section 5-12-180 of the RLTO, and found for defendant on its petition for attorney fees in the amount of $3,582.75 pursuant to paragraph 25(B) of the lease.

On appeal, plaintiff maintains that the trial court should not have granted defendant's section 2-615 motion to dismiss count IX of her second amended complaint. She contends that a factually sufficient cause of action was presented in count IX because she stated that paragraph 25(B) of the lease was an illegal provision under section 5-12-140(f) of the RLTO. She also maintains that since defendant's counterclaim was an attempt to enforce an illegal lease provision, she was entitled to recover two months' rent under section 5-12-140(f) of the RLTO.

A section 2-615 motion to dismiss challenges the legal sufficiency of a complaint based on defects apparent on its face. 735 ILCS 5/2-615 (West 2004); Marshall v. Burger King Corp., 222 Ill. 2d 422, 429 (2006). In order for a complaint to be legally sufficient, it must set forth a legally recognized claim "upon which relief can be granted." Winfrey v. Chicago Park District, 274 Ill. App. 3d 939, 943 (1995). If the complaint fails to do this, there is no recourse at law for the injury alleged, and the complaint must be dismissed. Winfrey, 274 Ill. App. 3d at 943. We review the circuit court's grant of a section 2-615 motion to dismiss de novo. Marshall, 222 Ill. 2d at 429.

When reviewing the sufficiency of a complaint, we construe the allegations in the light most favorable to the plaintiff and accept as true all well-pleaded facts and all reasonable inferences that may be drawn from those facts. Marshall, 222 Ill. 2d at 429.

In this case, count IX actually is plaintiff's stand against defendant's counterclaim for attorney fees, and not a claim for relief. See generally 735 ILCS 5/2-608(d) (West 2004) (providing for answers to counterclaims). Since count IX does not set forth a legally recognized cause of action, there is no recourse at law, and the count must be dismissed. Winfrey, 274 Ill. App. 3d at 943. Therefore, the trial court properly granted defendant's section 2-615 motion to dismiss when it found that count IX "in substance is not a claim for relief, regardless of its merits."

Second, plaintiff contends that the trial court's award of attorney fees to defendant based on paragraph 25(B) of the lease must be reversed because paragraph 25(B) is invalid and unenforceable because it violates section 5-12-140(f) of the RLTO.

The Illinois Supreme Court has stated, "[a]part from statute, there is, of course, no right on the part of the successful party to recover 'attorney's' fees and the ordinary expenses and burdens of litigation.' [Citation.]" Meyer v. Marshall, 62 Ill. 2d 435, 442 (1976). Plaintiff contends that defendant sued under common law and not under the RLTO and, therefore, defendant is not entitled to attorney fees. Although defendant's counterclaim alleges a breach of contract and does not address the RLTO specifically, section 5-12-180 of the RLTO states that any prevailing plaintiff in any action arising out of a landlord's or tenant's application of the rights or remedies made available in this ordinance is entitled to all court costs and reasonable attorney fees.

In interpreting a statute or ordinance, the primary goal is to ascertain and give affect to the intent of the legislature. Barnett v. Zion Park District, 171 Ill. 2d 378, 388 (1996). Legislative intent is best demonstrated by the plain language of the statute. Barnett, 171 Ill. 2d at 389.

Where the language is clear and unambiguous, a reviewing court may not depart from its plain meaning by reading into it exceptions that the legislature did not express. Kraft, Inc. v. Edgar, 138 Ill. 2d 178, 189 (1990).

In this case, although the language of section 5-12-180 of the RLTO entitles any prevailing plaintiff to be awarded attorney fees (Meyer v. Cohen, 260 Ill. App. 3d 351, 363 (1993)), defendant's counterclaim is for breach of contract, a common law claim. The fee and cost provision relied on by defendant, section 5-12-180 of the RLTO, applies only to actions arising out of "the rights or remedies made available in this ordinance." (Emphasis added.) Chicago Municipal Code §5-12-180 (amended November 6, 1991).

Defendant does not cite or rely on the RLTO in its counterclaim. It cites and relies on a provision of the lease, paragraph 25(B). The counterclaim has nothing to do with "rights or remedies made available in this ordinance."

Section 5-12-140(f) of the RLTO expressly prohibits and makes "unenforceable" any lease provision that requires a tenant to "pay the landlord's attorney fees" in a lawsuit arising out of the tenancy--which this lawsuit does. To hold otherwise would render section 5-12-140(f) meaningless. The obvious purpose of the ordinance is to protect tenants who find themselves in a lawsuit arising out of their tenancy.

In the trial court order, the trial court relied on paragraph 25(B) of the lease in awarding defendant attorney fees, which is in violation of section 5-12-140(f) of the RLTO as noted.

For the foregoing reasons, we affirm the judgment of the circuit court as to the dismissal of count IX of plaintiff's complaint and reverse the trial court's judgment awarding attorney fees to defendant in the amount of $3,582.75.

Affirmed in part and reversed in part.

WOLFSON and GARCIA, JJ., concur.

1-06-2066