# ILLINOIS OFFICIAL REPORTS

## Appellate Court

***Ranjha v. BJBP Properties, Inc.*, 2013 IL App (1st) 122155**

| | |
|---|---|
| Appellate Court Caption | ALEXANDER RANJHA, Plaintiff-Appellant, v. BJBP PROPERTIES, INC., and Elm II, LLC, Defendants-Appellees. |
| District & No. | First District, Third Division<br>Docket No. 1-12-2155 |
| Filed | March 27, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Pursuant to the Chicago Residential Landlord Tenant Ordinance, a tenant need not terminate his lease and surrender the premises to the landlord in order to recover the greater of one month's rent or actual damages in the event the landlord, after statutory written notice, fails to give the tenant notice of building code violations according to section 5-12-100 of the Ordinance. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 12-CH-1559; the Hon. Moshe Jacobius, Judge, presiding. |
| Judgment | Reversed and remanded. |

Counsel on
Appeal

Mark Silverman Law Office, Ltd., of Chicago (Mark Silverman, of counsel), for appellant.

Cary G. Schiff & Associates, of Chicago (Cary G. Schiff and Christopher R. Johnson, of counsel), for appellees.

Panel

JUSTICE STERBA delivered the judgment of the court, with opinion.

Presiding Justice Neville and Justice Hyman concurred in the judgment and opinion.

## OPINION

¶ 1  Plaintiff Alexander Ranjha filed a single-count class action complaint alleging that defendants BJBP Properties, Inc., and Elm II, LLC (hereinafter referred to collectively as Landlord) violated the Chicago Residential Landlord Tenant Ordinance (RLTO) (Chicago Municipal Code §§ 5-12-090, 5-12-100, 5-12-110(a) (amended Nov. 6, 1991)) by failing to disclose to him and the other tenants in his building either before or at the time they executed their leases City of Chicago Building Code (Code) citations for the 12 months before their leases were executed relating to their leased apartments and the building's common areas. Ranjha appeals the circuit court's granting of Landlord's motion to dismiss pursuant to section 2-615(a) of the Illinois Code of Civil Procedure (735 ILCS 5/2-615(a) (West 2008)). On appeal, Ranjha claims that the circuit court erred in its interpretation of the RLTO by ruling that a tenant must surrender possession of the premises to the landlord as a prerequisite to receiving the remedy set forth in RLTO section 5-12-090 of one month's rent or actual damages, whichever is greater. For the reasons that follow, we reverse the circuit court and remand for further proceedings consistent with this opinion.

¶ 2                                    BACKGROUND

¶ 3  When reviewing a circuit court's ruling on a section 2-615 motion to dismiss, this court must accept as true all well-pleaded facts. *Pooh-Bah Enterprises, Inc. v. County of Cook*, 232 Ill. 2d 463, 473 (2009). The following facts are obtained from the pleadings contained in the record. On April 26, 2011, Ranjha executed a lease for apartment number 507 in a building, consisting of 140 apartments, located at 18 E. Elm Street in Chicago, Illinois. The lease was for a term of 12 months commencing on August 1, 2011 through July 31, 2012, and the monthly rental amount was $1,165. During the 12 months prior to Ranjha's execution of the lease, the City of Chicago cited the building for the following Code violations: (1) on January 5, 2011, for the "failure to remove obstruction from exitway that hampers travel and evacuation," and "exterior rear, garbage containers blocking rear door" and (2) on November 9, 2010, for pending submission of plans and acquisition of ventilating system permits, and

the furnace installed in stairwells needs "floor darns drip pan & combustion air." These Code violations were not disclosed in writing to Ranjha before or at the time he executed the lease.

¶ 4 On December 12, 2011, Ranjha sent Landlord the following written correspondence, which Landlord received on December 13, 2011:

"Hi-as you know we have discussed the various problems here. Can you please send me any of the code citations from the year before I signed up, in the next couple weeks after you get this. Or we might have to terminate. Thanks much for your help, and have a great holiday.

Alex."

Landlord did not deliver notice of the previously cited Code violations to Ranjha or the other building inhabitants who executed leases from November 9, 2010 through January 2012. Because Landlord failed to disclose the Code violations, Ranjha filed a one-count class action complaint on January 17, 2012, against Landlord. The complaint alleged that Landlord failed to comply with RLTO section 5-12-100(a) because it did not disclose Code citations to tenants for the 12-month period prior to the tenants executing their leases either before or at the time they executed their leases. The complaint sought relief pursuant to RLTO section 5-12-100, which provides each class member exemplary damages equal to one month's rent or actual damages, whichever is greater, in addition to costs and reasonable attorney fees under RLTO section 5-12-180. On January 18, 2012, Ranjha filed a motion for class certification asserting that the class members were all tenants and former tenants of the building in the previous two years who did not receive from Landlord the written disclosures required by RLTO section 5-12-100.

¶ 5 On April 4, 2012, Landlord filed a section 2-615(a) motion to dismiss Ranjha's class action complaint asserting that Ranjha and the other tenants failed to comply with RLTO section 5-12-110(a)'s requirements because they did not surrender possession of their apartments. Landlord argued that the complaint failed to state a cause of action due to the tenants' failure to surrender possession.

¶ 6 On July 9, 2012, the circuit court entered a written memorandum opinion and order granting Landlord's section 2-615(a) motion to dismiss. The circuit court ruled that a tenant's recovery of damages arising from a landlord's failure to disclose Code violations is contingent on a tenant satisfying the requirements of RLTO section 5-12-110(a), including termination of the lease and surrendering possession of the apartment to the landlord. Ranjha timely filed this appeal.

¶ 7                                                    ANALYSIS

¶ 8 Ranjha claims that the circuit court erred in granting Landlord's section 2-615(a) motion to dismiss because surrendering possession of the premises is not required as a condition precedent to the recovery of one month's rent or actual damages, whichever is greater, under sections 5-12-100 and 5-12-090.

¶ 9 A section 2-615 motion to dismiss attacks "the legal sufficiency of a complaint based on defects apparent on its face." *Pooh-Bah Enterprises, Inc.*, 232 Ill. 2d at 473. A complaint is

legally sufficient if it states a recognized claim " 'upon which relief can be granted.' " *Willis v. NAICO Real Estate Property & Management Corp.*, 379 Ill. App. 3d 486, 489 (2008) (quoting *Winfrey v. Chicago Park District*, 274 Ill. App. 3d 939, 943 (1995)). A complaint that fails to meet that standard should be dismissed because there is no recourse at law for the alleged injury. *Id.* When ruling on a section 2-615 motion to dismiss, a circuit court may consider only the facts that are apparent from the face of the pleadings, matters of which the court can take judicial notice and judicial admissions contained in the record. *Pooh-Bah Enterprises, Inc.*, 232 Ill. 2d at 473. A court must accept as true all well-pleaded facts, as well as all reasonable inferences that may be drawn from those facts. *Id.* Mere conclusions of law or facts unsupported by specific factual allegations in a complaint are insufficient to withstand a section 2-615 motion to dismiss. *Id.* This court reviews the circuit court's granting of a section 2-615 motion to dismiss *de novo*. *Id.*

¶ 10    In the case *sub judice*, we must interpret multiple sections of the RLTO to determine whether Ranjha's complaint alleges sufficient facts to state a cause of action. The interpretation of a statute presents a question of law that we review adopting a *de novo* standard of review. *People v. Smith*, 236 Ill. 2d 162, 167 (2010). The cardinal rule in interpreting a statute is to determine and give effect to the legislature's intent in enacting the statute. *People ex rel. Department of Public Aid v. Smith*, 212 Ill. 2d 389, 397 (2004). When a statute's language is clear, it is unambiguous and we must give it effect as written and enacted without resort to further aids of statutory construction. *Alvarez v. Pappas*, 229 Ill. 2d 217, 228 (2008). An ambiguous statute is one that is capable of more than one reasonable interpretation. *Smith*, 212 Ill. 2d at 397. To interpret an ambiguous statute, we must go beyond the statute itself and resort to extrinsic aids of statutory construction to determine the legislature's intent, which include consideration of the statute's purpose, necessity for the law and policy concerns that led to its passage. *People v. Collins*, 214 Ill. 2d 206, 214 (2005). "Municipal ordinances are interpreted using the same [fundamental] rules of statutory interpretation." *Landis v. Marc Realty, L.L.C.*, 235 Ill. 2d 1, 7 (2009).

¶ 11    RLTO sections 5-12-090, 5-12-100 and 5-12-110(a) are at issue in the instant appeal, and following is a recitation of each section in relevant part.

"5-12-090 Identification of owner and agents.

* * *

If the landlord fails to comply with this section, the tenant may terminate the rental agreement pursuant to the notice provisions of Section 5-12-110(a). If the landlord fails to comply with the requirements of this section after receipt of written notice pursuant to Section 5-12-110(a), the tenant shall recover one month's rent or actual damages, whichever is greater." Chicago Municipal Code § 5-12-090 (amended Nov. 6, 1991).

"5-12-100 Notice of conditions affecting habitability.

Before a tenant initially enters into or renews a rental agreement for a dwelling unit, the landlord or any person authorized to enter into a rental agreement on his behalf shall disclose to the tenant in writing:

(a) Any code violations which have been cited by the City of Chicago during the previous 12 months for the dwelling unit and common areas and provide notice of the

-4-

pendency of any code enforcement litigation or compliance board proceeding pursuant to Section 13-8-070 of the municipal code affecting the dwelling unit or common area. The notice shall provide the case number of the litigation and/or the identification number of the compliance board proceeding and a listing of any code violations cited.

(b) *** If a landlord violates this section, the tenant or prospective tenant shall be entitled to remedies described in Section 5-12-090." Chicago Municipal Code § 5-12-100 (amended Nov. 6, 1991).

"5-12-110 Tenant Remedies.

* * *

(a) Noncompliance by Landlord. If there is material noncompliance by the landlord with a rental agreement or with Section 5-12-070 either of which renders the premises not reasonably fit and habitable, the tenant under the rental agreement may deliver a written notice to the landlord specifying the acts and/or omissions constituting the material noncompliance and specifying that the rental agreement will terminate on a date not less than 14 days after receipt of the notice by the landlord, unless the material noncompliance is remedied by the landlord within the time period specified in the notice. If the material noncompliance is not remedied within the time period so specified in the notice, the rental agreement shall terminate, and the tenant shall deliver possession of the dwelling unit to the landlord within 30 days after the expiration of the time period specified in the notice. If possession shall not be so delivered, then the tenant's notice shall be deemed withdrawn and the lease shall remain in full force and effect. If the rental agreement is terminated, the landlord shall return all prepaid rent, security and interest recoverable by the tenant under Section 5-12-080." Chicago Municipal Code § 5-12-110 (amended Nov. 6, 1991).

As a review, section 5-12-100 provides that when a landlord violates that section, the tenant is entitled to the remedies set forth in section 5-12-090. Section 5-12-090 permits a tenant to terminate the lease pursuant to the written notice provisions of section 5-12-110(a), and it also provides that a tenant shall recover the greater of one month's rent or actual damages if a landlord fails to comply with its requirements after receiving the written notice provided for in section 5-12-110(a).

¶ 12     According to the RLTO, the provisions relevant in the case *sub judice* should be read in the following sequence: 5-12-100; 5-12-090; and 5-12-110(a) because, based on the language used, section 5-12-100 expressly incorporates and references section 5-12-090, and section 5-12-090 expressly incorporates and references section 5-12-110(a). We must begin our reading of the RLTO with section 5-12-100 because that is the section that Ranjha alleges Landlord violated and forms the basis of his complaint. Because Landlord violated section 5-12-100 by failing to provide Ranjha with notice of Code violations before he signed his lease, Ranjha seeks the remedy of one month's rent set forth in section 5-12-090.

¶ 13     Turning to the language of section 5-12-090, we note that the two remedies provided for in that section of either lease termination or monetary damages in the amount of one month's rent or actual damages, whichever is greater, must satisfy the notice requirements set forth in section 5-12-110(a). According to section 5-12-110(a)'s language, the tenant "may deliver

a written notice to the landlord specifying the acts and/or omissions constituting the material noncompliance and specifying that the rental agreement will terminate on a date not less than 14 days after receipt of the notice by the landlord, unless the material noncompliance is remedied by the landlord within the time period specified in the notice." Chicago Municipal Code § 5-12-110(a) (amended Nov. 6, 1991). In his complaint, Ranjha identifies the following written correspondence sent to Landlord as his statutory notice:

> "Hi-as you know we have discussed the various problems here. Can you please send me any of the code citations from the year before I signed up, in the next couple weeks after you get this. Or we might have to terminate. Thanks much for your help, and have a great holiday.
>
> Alex."

Ranjha's complaint alleges that the above written correspondence was sent to and received by the Landlord, and we accept that allegation as true for purposes of reviewing the circuit court's ruling on a section 2-615 motion to dismiss. Based on the procedural posture of the instant case, however, we do not render an opinion regarding the sufficiency of Ranjha's written correspondence, but merely acknowledge that he sent written correspondence to and it was received by Landlord.

¶ 14    Next, we will determine whether the circuit court erred in dismissing Ranjha's complaint pursuant to section 2-615 on the basis that he failed to allege facts stating that he delivered possession of the premises to Landlord. To answer that question, we must first determine whether a tenant is required to surrender possession of the premises to recover either of the two different remedies stated in section 5-12-090, which are termination of the lease and recovery of one month's rent or actual damages, whichever is greater. The first remedy of lease termination is not at issue in the case *sub judice*, and, accordingly, will not be discussed. Rather, the basis of the instant appeal is on the second remedy stated in section 5-12-090 of one month's rent and what requirements must be satisfied to recover that remedy due to a landlord's failure to provide Code violations to a tenant before he initially enters into or renews a lease. Ranjha contends that lease termination and delivery of possession are not required to recover that remedy, whereas Landlord contends that the surrender and delivery of possession are, in fact, required. Even though both positions are reasonable based on the language of sections 5-12-090 and 5-12-110(a), we agree with Ranjha.

¶ 15    In interpreting sections 5-12-090 and 5-12-110(a), we first consider the express language of those sections. We note that section 5-12-090's express language states in relevant part the following: "If a landlord fails to comply with the requirements of this section after receipt of written notice pursuant to Section 5-12-110(a), the tenant shall recover one month's rent or actual damages, whichever is greater." Chicago Municipal Code § 5-12-090 (amended Nov. 6, 1991). Without dispute, a tenant must provide written notice to the landlord to recover the remedy of one month's rent or actual damages, whichever is greater. Regarding the written notice, section 5-12-090 directs us to section 5-12-110(a). According to section 5-12-110(a), "the tenant under the rental agreement may deliver a written notice to the landlord specifying the acts and/or omissions constituting the material noncompliance and specifying that the rental agreement will terminate on a date not less than 14 days after

receipt of the notice by the landlord, unless the material noncompliance is remedied by the landlord within the time period specified in the notice." Chicago Municipal Code § 5-12-110(a) (amended Nov. 6, 1991).

¶ 16    As written, section 5-12-110(a) only addresses the lease termination remedy that is provided for in section 5-12-090 and is silent regarding the greater of one month's rent or actual damages remedy. This disconnect between sections 5-12-090 and 5-12-110(a) where a remedy is specified in section 5-12-090 but, yet, not addressed in 5-12-110(a) renders those provisions ambiguous. Although section 5-12-110(a) is not ambiguous when read in isolation, when read in conjunction with section 5-12-090, that section becomes ambiguous because it does not speak of the procedure that a tenant must follow to recover the greater of one month's rent or actual damages remedy. We also consider section 5-12-110(a) ambiguous because both Ranjha and Landlord present equally compelling interpretations of that section in regard to the one month's rent remedy. See *Smith*, 212 Ill. 2d at 397 (acknowledging that a statute is ambiguous if it is capable of more than one reasonable interpretation).

¶ 17    When interpreting an ambiguous ordinance, we may look beyond the ordinance's language and consider extrinsic aids of statutory construction to ascertain legislative intent in enacting the law. *Landis*, 235 Ill. 2d at 11. A primary aid of statutory construction is the well-established rules of statutory construction. *Nowak v. City of Country Club Hills*, 2011 IL 111838, ¶ 13. According to one such rule, an ambiguous statute must be construed in a manner to avoid rendering any part of it meaningless or superfluous. *Blum v. Koster*, 235 Ill. 2d 21, 29 (2009). Another rule provides that a statute should not be interpreted in a manner that would result in great inconvenience or absurd consequences, unless the legislature intended that construction. *People v. Easley*, 119 Ill. 2d 535, 539-40 (1988). With these principles in mind, we return to the task of interpreting sections 5-12-090 and 5-12-110(a).

¶ 18    We conclude that to reconcile section 5-12-090 with section 5-12-110(a), we must liberally construe section 5-12-110(a) as requiring a tenant to inform the landlord what the material noncompliance was and specify the remedy that he is seeking from the two remedies provided for in section 5-12-090. To ensure that the greater of one month's rent or actual damages remedy provision as stated in section 5-12-090 is not rendered superfluous, that remedy should be substituted for the termination remedy that is currently stated in section 5-12-110(a). In essence, section 5-12-110(a) should then be interpreted as follows: "the tenant under the rental agreement may deliver a written notice to the landlord *specifying the acts and/or omissions constituting the material noncompliance and specifying that the tenant shall recover one month's rent or actual damages, whichever is greater*, on a date not less than 14 days after receipt of the notice by the landlord, unless the material noncompliance is remedied by the landlord within the time period specified in the notice." The landlord's failure to cure the material noncompliance within the time period specified in the written notice would entitle the tenant to the remedy specified in that notice. Based on this interpretation of sections 5-12-090 and 5-12-110(a), if a tenant seeks the remedy of one month's rent or actual damages, whichever is greater, and specifies that remedy in the written notice, then termination of the lease and delivery of premises are not required.

¶ 19    We note that this interpretation of the otherwise ambiguous sections is consistent with

the legislature's intent, here the Chicago city council, in enacting the RLTO. *American National Bank v. Powell*, 293 Ill. App. 3d 1033, 1041 (1997). Generally, the ordinance's language is the best evidence of that intent, but consideration should also be given to the reasons underlying and the necessity for the ordinance. *Id.* at 1038. In enacting the RLTO, the Chicago city council expressly stated the ordinance's purpose in section 5-12-010, which states the following, in relevant part:

> "It is the purpose of [the RLTO] and the policy of the city, in order to protect and promote the public health, safety and welfare of its citizens, to establish the rights and obligations of the landlord and the tenant in the rental of dwelling units, and to encourage the landlord and tenant to maintain and improve the quality of housing." Chicago Municipal Code § 5-12-010 (amended Nov. 6, 1991).

The Chicago city council has also stated that the RLTO's provisions should "be liberally construed and applied to promote its purposes and policies," which include improving rental housing. Chicago Municipal Code § 5-12-010 (amended Nov. 6, 1991). Our interpretation of sections 5-12-090 and 5-12-110(a) as requiring a tenant to specify the remedy that he is seeking in the written notice provided to the landlord and that surrender of the premises is not required to recover the greater of one month's rent or actual damages is consistent with and adheres to the RLTO's purpose. This interpretation provides the landlord with an opportunity to cure the material noncompliance while informing the landlord what the penalty will be for the failure to rectify the material noncompliance, but does not require the tenant to terminate the lease if he wishes to remain in possession of the premises. The end result of our interpretation will be an improvement to the rental housing in the City of Chicago because a material noncompliance will be cured, and, if not, a tenant will be compensated for the noncompliance without facing the great inconvenience of having to vacate the premises if he does not wish to or cannot afford to move. In the case *sub judice*, forcing a tenant to vacate the premises and surrender possession as a condition precedent to recovering the greater of one month's rent or actual damages may lead to absurd results if the Code violations, if any, are not considered dire enough to the tenant to justify terminating the lease and finding alternative housing.

¶ 20    In sum, termination of the lease and surrender of the premises to the landlord are not required to recover the greater of one month's rent or actual damages when a landlord, after receiving the required statutory written notice, has failed to provide a tenant with notice of Code violations in accordance with section 5-12-100. We, however, render no opinion regarding the merits of Ranjha's claim, but only conclude that his cause of action survives a section 2-615 motion to dismiss. Accordingly, the circuit court erred in dismissing Ranjha's complaint with prejudice.

¶ 21                                CONCLUSION

¶ 22    For the reasons stated, we reverse the judgment of the circuit court and remand for further proceedings consistent with this opinion.

¶ 23    Reversed and remanded.