NOTICE
Decision filed 12/27/21. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2021 IL App (5th) 210086-U

NO. 5-21-0086

IN THE

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| ARIC MILLS, CARRIE MILLS, ORVIL HASSEBROCK, and EVELYN HASSEBROCK, | ) ) ) ) | Appeal from the Circuit Court of Marion County. |
| Plaintiffs-Appellants, | ) ) ) | |
| v. | ) ) | No. 19-LM-203 |
| GERALD L. MACEY JR. and MAXIMILIAN KERFIN, | ) ) ) ) | Honorable Stanley M. Brandmeyer, |
| Defendants-Appellees. | ) | Judge, presiding. |

_____

JUSTICE WELCH delivered the judgment of the court.
Justices Barberis and Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*: The order of the circuit court of Marion County is affirmed where the plaintiffs' *pro se* complaint alleging fraudulent transfer of property pursuant to the Uniform Fraudulent Transfer Act (740 ILCS 160/1 *et seq.* (West 2020)) failed to adequately state a cause of action and dismissal was therefore proper under section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2020)).

¶ 2    The plaintiffs, Aric Mills, Carrie Mills, Orvil Hassebrock, and Evelyn Hassebrock,

appeal the circuit court's dismissal of their *pro se* second amended complaint pursuant to

section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2020)) on

1

the grounds that they failed to adequately state a claim for fraudulent conveyance as prescribed in the Uniform Fraudulent Transfer Act (Act) (740 ILCS 160/1 *et seq.* (West 2020)). For the reasons that follow, we affirm.

¶ 3                                I. BACKGROUND

¶ 4     On December 30, 2020, the plaintiffs filed a *pro se* second amended complaint against the defendants, Maximilian Kerfin and Gerald Macey Jr., alleging, in relevant part, fraudulent conveyance under the Act. See *id.* The complaint made no argument as to the elements of proof required by the Act. The "Factual Allegations" portion of the complaint described an event that occurred on February 20, 2019, wherein Gerald Macey (a named defendant in the complaint who is not a party to this appeal) allegedly attacked the plaintiff, Aric Mills, with a flashlight. The complaint alleged that the attack was the result of an ongoing dispute about property lines between the plaintiffs' property and Macey's. Prior to the complaint being filed, however, the property was under contract for sale to a third party. After the complaint was filed, Macey transferred the property to Kerfin through quitclaim deed, but also filed a power of attorney wherein he maintained the power to transfer the property on Kerfin's behalf. Thereafter, the property was sold to the third party under the terms of the contract for sale. The plaintiffs alleged that the transfer from Macey to Kerfin was fraudulent as an attempt to protect Macey's assets from any future judgment entered on a potential claim for battery or assault filed by the plaintiffs.

¶ 5     The contract for sale to the third party predated the plaintiffs' claim, and there was no judgment for damages entered against Kerfin or Macey at the time the claim was filed, nor when the trial court granted the motion for summary judgment.

¶ 6    On January 22, 2021, Kerfin filed simultaneous motions to dismiss against the plaintiffs.[1]  On March 26, 2021, the trial court held a hearing on the matters, after which it granted both motions with prejudice.  The court found that the plaintiffs failed to state a claim against Kerfin and therefore granted Kerfin's motions to dismiss pursuant to the Code.  See 735 ILCS 5/2-615 (West 2020).  The plaintiffs now appeal *pro se*.

¶ 7                                II. ANALYSIS

¶ 8    On appeal, the plaintiffs allege that the trial court granted Kerfin's motions to dismiss based on its misunderstanding of the Act.

¶ 9    This court reviews motions to dismiss under section 2-615 of the Code *de novo*.  *Kean v. Wal-Mart Stores, Inc.*, 235 Ill. 2d 351, 361 (2009).  The question presented by a section 2-615 motion is "whether the allegations of the complaint, when taken as true and viewed in a light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted."  *Turner v. Memorial Medical Center*, 233 Ill. 2d 494, 499 (2009).  The trial court may consider only the allegations of the complaint and any exhibits attached thereto.  *Lissner v. Michael Reese Hospital & Medical Center*, 182 Ill. App. 3d 196, 206 (1989).  "[F]actual assertions contained in the exhibits which are inconsistent with the allegations of the complaint negate such allegations."  *Id*.  "Illinois is a fact-pleading jurisdiction.  A plaintiff must allege facts sufficient to bring his or her claim within the scope of the cause of action asserted."  *Vernon v. Schuster*, 179 Ill. 2d 338, 344 (1997).  "Mere conclusions of law or facts unsupported by

_____

[1]One motion named the plaintiffs Aric Mills and Carrie Mills.  A second motion named Orvil Hassebrock and Evelyn Hassebrock.

3

specific factual allegations in a complaint are insufficient to withstand a section 2-615 motion to dismiss." *Ranjha v. BJBP Properties, Inc.*, 2013 IL App (1st) 122155, ¶ 9. However, "[a] cause of action will not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved which will entitle the plaintiff to recover." *Vernon*, 179 Ill. 2d at 344.

¶ 10 The plaintiffs filed a complaint under the Act. "The purpose of the *** Act is to prevent fraudulent transfers of property by a debtor who intends to defraud creditors by placing assets beyond their reach." (Internal quotation marks omitted.) *Zurich American Insurance Co. v. Personnel Staffing Group, LLC*, 2018 IL App (1st) 172281, ¶ 18. To state a claim under section 5(a)(1) and (2) of the Act, plaintiffs must show:

> "(a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
> (1) with actual intent to hinder, delay, or defraud any creditor of the debtor; or
> (2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
> (A) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
> (B) intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due." 740 ILCS 160/5(a)(1), (2) (West 2020).

¶ 11 Nowhere in the factual allegations of the complaint, nor in our review of the record, is there any allegation by the plaintiffs that Kerfin was indebted to them through either a judgment or any lien. Because the complaint does not allege that the plaintiffs are creditors of Kerfin, it fails to allege facts sufficient to bring a claim under the Act.

4

¶ 12                         III. CONCLUSION

¶ 13    Therefore, for the foregoing reasons, the circuit court's dismissal of the plaintiffs'

claim against Kerfin for failure to state a claim under the Code is hereby affirmed.


¶ 14    Affirmed.