FOURTH DIVISION
June 5, 2008

No. 1-07-0443

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 06 CR 16687 |
| | ) | |
| BENNIE K. ELLISON, | ) | Honorable |
| | ) | David P. Sterba, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE O'BRIEN delivered the opinion of the court:

Defendant Bennie K. Ellison entered a negotiated guilty plea to possession of a controlled substance and driving while his driver's license, permit or privilege to operate a motor vehicle was suspended or revoked. The court sentenced defendant to two years' imprisonment and imposed $1,240 in fines and fees. On appeal, defendant solely asserts we must vacate and offset certain fines and fees.

The parties stipulated that the State's evidence at trial would demonstrate that at 3 a.m. on June 9, 2006, defendant was driving at 102nd South Ridgeland Avenue in Chicago Ridge when an officer stopped him for a traffic violation. The officer learned that defendant's license was suspended and a custodial search of defendant revealed 0.6 gram of heroin. Defendant was previously convicted of driving while his driver's license, permit or privilege to operate a motor vehicle was suspended or revoked on July 31, 1997.

The court sentenced defendant to two years' imprisonment and assessed $1,240 in fines and fees including, a $20 preliminary hearing fee (55 ILCS 5/4-2002.1(a) (West 2006)), a $500 controlled substance assessment (720 ILCS 570/411.2(a)(4) (West 2006)), a $100 Trauma Center Fund fine (730 ILCS 5/5-9-1.1(b) (West 2006)), and a $20 fine under the Violent Crime Victims Assistance Act (the Act) (725 ILCS 240/10(c) (West 2006)). The mittimus also indicates that defendant was entitled to 102 days of presentencing credit.

On appeal, defendant first asserts the court improperly assessed the $20 preliminary

No. 1-07-0443

hearing fee against him because no preliminary hearing occurred within the meaning of section 4-2002.1(a) of the Counties Code (55 ILCS 5/4-2002.1(a) (West 2006)).

Although the mittimus describes this assessment as a "preliminary hearing" fee, section 4-2002.1(a) states, in pertinent part, that the "State's attorneys shall be entitled to the following fees[:] *** For preliminary examinations for each defendant held to bail or recognizance, $20." 55 ILCS 5/4-2002.1(a) (West 2006). The parties dispute the meaning of "preliminary examination," which is not defined in the Counties Code.

The well-established principles of statutory construction mandate that all language used in a statute be given effect and that no word, clause or sentence be rendered meaningless, superfluous or insignificant. E.g., People v. Ellis, 199 Ill. 2d 28, 39 (2002); People *ex rel*. Barrett v. Barrett, 31 Ill. 2d 360, 364-65 (1964). In light of these principles, we cannot exclude the language "held to bail or recognizance" from section 4-2002.1(a), which authorizes the $20 fee in this case. Accordingly, we find that as used in section 4-2002.1(a), a "preliminary examination" means the proceedings at which a trial examines relevant factors for the purpose of determining whether or not to hold defendant on bail or recognizance. Here, there can be no dispute that a bail hearing was held because the transcript of it is in the record on appeal and therefore, the court properly assessed the $20 fee.

To employ the Code of Criminal Procedure of 1963 (725 ILCS 5/100-1 et seq. (West 2006)) to define "preliminary examination" as a probable cause hearing, as urged by defendant, ignores the "bail or recognizance" language in the relevant statute. To the extent defendant reads the statute as meaning a defendant who is held to bail or recognizance, such interpretation does not withstand scrutiny because a probable cause hearing does not distinguish between a defendant who is in or out of custody. We also observe that if this term was intended to be defined as in the Code of Criminal Procedure, the statute could have referred to the definition in the Code, particularly in light of the statute's reference to another code to define a different term

No. 1-07-0443

within the statute. 55 ILCS 5/4-2002.1(a) (West 2006) (cross-references to the Illinois Municipal Code and the Illinois Vehicle Code). Because a hearing was held on defendant's bail, the court properly assessed the $20 fee.

Next, defendant asserts and the State correctly concedes that the trial court improperly ordered him to pay the $20 fine pursuant to the Act because the court had also imposed other fines.

A defendant may be fined $20 for any nonviolent felony or misdemeanor only when "no other fine is imposed." 725 ILCS 240/10(c)(2) (West 2006). Our supreme court has held that the trauma fund charge and controlled substance assessment are fines. People v. Jones, 223 Ill. 2d 569, 588, 593 (2006). In light of Jones, the trial court improperly assessed defendant the $20 fine under the Act because the court had imposed other fines. Thus, we vacate defendant's $20 fine.

Finally, defendant asserts and the State concedes that the court failed to offset his fines with $510 of presentencing credit.

The $100 trauma fund fine and the $500 controlled substance assessment are fines subject to offset by the $5-per-day credit earned during defendant's presentencing incarceration (725 ILCS 5/110-14(a) (West 2006)). Jones, 223 Ill. 2d at 588, 592, 593, 595. Because the mittimus states defendant earned 102 days of presentencing custody credit, he is entitled to offset the aforementioned fines with $510 of presentencing credit.

Accordingly, we vacate defendant's $20 fine under the Violent Crime Victims Assistance Act and offset the $100 trauma fund fine and $500 controlled substance fine with $510 of presentencing credit. We affirm the trial court's judgment in all other respects.

Affirmed; costs and fees order modified.

NEVILLE, P.J. and MURPHY, J., concur.