Docket No. 108297.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. MILES SMITH, Appellant.

*Opinion filed January 22, 2010.*

JUSTICE THOMAS delivered the judgment of the court, with opinion.

Chief Justice Fitzgerald and Justices Freeman, Kilbride, Garman, Karmeier, and Burke concurred in the judgment and opinion.

## OPINION

At issue is whether a State's Attorney may recover a statutory preliminary examination fee (55 ILCS 5/4–2002.1(a) (West 2008)) when a defendant receives a bail hearing but not a hearing to determine probable cause. We hold that the preliminary examination fee is available only when there has been a probable cause hearing.

## BACKGROUND

The State charged defendant, Miles Smith, with possession of a controlled substance (cocaine) with the intent to deliver (720 ILCS 570/401(c)(2) (West 2006)). Following a bench trial, the circuit court of Cook County convicted defendant and sentenced him to four years' imprisonment. The court also assessed various fines and fees against

defendant, including a $20 "preliminary hearing" State's Attorney fee pursuant to section 4–2002.1(a) of the Counties Code (55 ILCS 5/4–2002.1(a) (West 2006)).

Defendant appealed, arguing, *inter alia*, that he could not be assessed the $20 fee because no preliminary examination was held. According to defendant, it is well settled that a "preliminary examination" is a probable cause hearing, and no such hearing was held in this case because he was indicted by a grand jury.

The Appellate Court, First District, Fifth Division, held that the fee was properly assessed because there had been a bail hearing. No. 1–07–0282 (unpublished order under Supreme Court Rule 23). The court noted a split of authority on this issue in the First District. In *People v. Ellison*, 383 Ill. App. 3d 146 (2008), the Fourth Division held that the preliminary examination fee is properly assessed for bail hearings rather than for probable cause hearings. The relevant statute provides that the fee is assessed for "preliminary examinations for each defendant held to bail or recognizance." 55 ILCS 5/4–2002.1(a) (West 2006). The *Ellison* court determined that, if the statute were read as applying to probable cause hearings, that would render the language "bail or recognizance" superfluous. Thus, *Ellison* concluded that "as used in section 4–2002.1(a), a 'preliminary examination' means the proceedings at which a trial court examines relevant factors for the purpose of determining whether or not to hold defendant on bail or recognizance." *Ellison*, 383 Ill. App. 3d at 147. The *Ellison* court found irrelevant the definition of "preliminary examination" in the Code of Criminal Procedure of 1963 (725 ILCS 5/100–1 *et seq.* (West 2006)), because section 4–2002.1(a) of the Counties Code did not refer to that definition. *Ellison*, 383 Ill. App. 3d at 147-48.

In *People v. Brown*, 388 Ill. App. 3d 104, 112-14 (2009), the Third Division rejected *Ellison*'s holding. The *Brown* court held that the plain meaning of "preliminary examination" is a hearing to determine whether there is sufficient evidence to prosecute the accused. The court noted that the term is defined that way both in Black's Law Dictionary (Black's Law Dictionary 1199 (7th ed. 1999)) and in the Code of Criminal Procedure of 1963 (725 ILCS 5/109–3 (West 2006)). *Brown*, 388 Ill. App. 3d at 113. The court further rejected *Ellison*'s conclusion that it is improper to look to the Code of Criminal Procedure to define the term because the relevant section

of the Counties Code provides a schedule of fees for State's Attorneys for various criminal procedures. The court thus found that "any explanation of the fees due for 'preliminary examinations' necessarily requires us to examine the Code of Criminal Procedure of 1963, which is the relevant statute from which those proceedings are specifically derived." *Brown*, 388 Ill. App. 3d at 113. Because the defendant in *Brown* was indicted by a grand jury, no preliminary examination within the meaning of the Code of Criminal Procedure was held. Accordingly, the court vacated the preliminary examination fee. *Brown*, 388 Ill. App. 3d at 114.

Here, the Fifth Division considered the reasoning of both *Ellison* and *Brown* and found *Ellison* more persuasive. The court believed that *Brown* was improperly ignoring the language referring to "bail or recognizance." Accordingly, the court held that defendant was properly assessed the fee, as it was undisputed that he had received a bail hearing. The court also addressed other issues not presented here.

We allowed defendant's petition for leave to appeal to resolve this conflict between the various divisions of the First District. 210 Ill. 2d R. 315.


ANALYSIS

The issue is one of statutory construction. Thus, our primary goal is to ascertain and give effect to the drafters' intention, and the most reliable indicator of intent is the language used, which must be given its plain and ordinary meaning. *People v. Davison*, 233 Ill. 2d 30, 40 (2009). In determining the plain meaning of a statute's terms, we consider the statute in its entirety, keeping in mind the subject it addresses and the apparent intent of the legislature in enacting the statute. *People v. Perry*, 224 Ill. 2d 312, 323 (2007). When statutory terms are undefined, we presume that the legislature intended the terms to have their popularly understood meaning. *People v. Maggette*, 195 Ill. 2d 336, 349 (2001). Moreover, if a term has a settled legal meaning, the courts will normally infer that the legislature intended to incorporate the established meaning. *People v. Bailey*, 232 Ill. 2d 285, 290 (2009) (holding that the term "search" has a settled meaning in the realm of criminal procedure). Statutes such as this, which are in derogation of the common law, must be strictly

construed. *People v. Williams*, No. 107140, slip op. at 8 (November 19, 2009), citing *People v. Nicholls*, 71 Ill. 2d 166, 173 (1978). The construction of a statute is a question of law that is reviewed *de novo*. *Davison*, 233 Ill. 2d at 40.

Defendant argues that this court should follow *Brown*. Defendant points out that "preliminary examination" is a legal term of art that means a hearing to determine whether there is sufficient evidence to prosecute an accused person. Defendant cites treatises and both Illinois and out-of-state decisions. Defendant points out that every state to use the term "preliminary examination" or "preliminary hearing" uses it to describe a probable cause hearing. *Ellison*, by contrast, cited no authority defining "preliminary examination" as a bail hearing. Defendant agrees with *Brown*'s conclusion that, because the fee schedule in the Counties Code relates to criminal proceedings, a court should necessarily look to the Code of Criminal Procedure of 1963. Section 109–3 of the Code is entitled "Preliminary Examination" and describes a probable cause hearing. See 725 ILCS 5/109–3 (West 2006).[1]

Although the State argues that the *Ellison* court's reasoning was correct, it does not, in fact, rely on *Ellison*'s reasoning. As we noted above, *Ellison* held that looking to the Code of Criminal Procedure to define "preliminary examination" was improper. Moreover, the *Ellison* court determined that the $20 fee could not be awarded for a probable cause hearing because that would render the "bail or recognizance" language superfluous. By contrast, the State has come up with an argument that not only requires looking at the Code of Criminal Procedure, but also would allow the fee to be imposed for both bail hearings and probable cause hearings. The State points out that the Code of Criminal Procedure uses the term "preliminary examination" twice: first, as an article header for article 109, and then again for section 109–3, a specific section of article 109. There are five sections under article 109. One of them, section 109–1 (725 ILCS 5/109–1

---

[1] Although defendant does not mention this, we note that "preliminary examination" is also defined in the general definitions section of the Code of Criminal Procedure as "a hearing before a judge to determine if there is probable cause to believe that the person accused has committed an offense." 725 ILCS 5/102–17 (West 2008).

(West 2006)), covers the first appearance when an arrested person is taken before a judge. One of the things that happens at this initial hearing is that the court shall "[a]dmit the defendant to bail in accordance with the provisions of Article 110 of this Code." 725 ILCS 5/109–1(b)(4) (West 2006). The State contends that when the legislature used the term "preliminary examination" in the Counties Code, it must have been referring to the article heading for article 109, not just to section 109–3. Thus, both the hearings held pursuant to section 109–1 and section 109–3 are covered by the reference in the Counties Code to "preliminary examinations." According to the State, this reading gives effect to the language "held to bail or recognizance."

None of the possible constructions of section 4–2002.1(a) are entirely satisfactory. We begin, however, with the presumption that, when the legislature uses a term that has a settled legal meaning, the legislature intended it to have that settled meaning. *Bailey*, 232 Ill. 2d at 290. As we explained in *Bailey*, " 'The law uses familiar legal expressions in their familiar legal sense.' " *Bailey*, 232 Ill. 2d at 290, quoting *Henry v. United States*, 251 U.S. 393, 395, 64 L. Ed. 322, 323, 40 S. Ct. 185, 186 (1920). The term "preliminary examination" is a familiar legal expression that has a settled meaning. See, *e.g.*, *Rothgery v. Gillespie County*, 554 U.S. ___, ___ n.12, 171 L. Ed. 2d 366, 376 n.12, 128 S. Ct. 2578, 2585 n.12 (2008) ("The preliminary examination is a preindictment stage at which the defendant is allowed to test the prosecution's evidence against him, and to try to dissuade the prosecutor from seeking an indictment"); Black's Law Dictionary 1299 (9th ed. 2009) (referring to a "preliminary examination" as synonymous with "preliminary hearing," and defining "preliminary hearing" as "[a] criminal hearing *** to determine whether there is sufficient evidence to prosecute an accused person"); Black's Law Dictionary 1062 (5th ed. 1979) (referring to a "preliminary examination" as a "preliminary hearing" and defining "preliminary hearing" as "[t]he hearing by a judge to determine whether a person charged with a crime should be held for trial," and also as a hearing to determine whether there is probable cause to believe that a crime has been committed and that the defendant committed it); Ballentine's Law Dictionary 978 (3d ed. 1969) (defining "preliminary examination" as "a judicial inquiry to determine whether there is 'probable cause'

for an accusation of crime"); Barron's Law Dictionary 365 (3d ed. 1991) (defining "preliminary hearing" as a hearing to determine whether probable cause existed); 22 C.J.S. *Criminal Law* §453, at 576-78 (2006) (under heading "Preliminary Hearing or Examination," explains that such a hearing "serves a limited purpose: to determine if there is probable cause to believe that the defendant committed the crime charged, so as to warrant further proceedings"); 4 W. LaFave, J. Israel, N. King & O. Kerr, Criminal Procedure §14.1(a), at 273-74 (3d ed. 2007) ("The preliminary hearing (also referred to as the 'preliminary examination,' the 'probable cause' hearing, the 'commitment hearing,' the 'examining trial,' and the 'bindover hearing') is a judicial proceeding, which commonly is conducted by the magistrate and limited to felony prosecutions. At that proceeding, the prosecution in an open and adversary hearing must establish that there is sufficient evidence supporting its charge to 'bind the case over' to the next stage in the process"); 5 L. Piczynski, Illinois Practice §8:1, at 294, 293-94 (2d ed. 2005) ("A preliminary hearing or examination is held on a felony if there has not been an indictment against the defendant," and the purpose of the hearing is to "determine whether there is probable cause to believe a felony has been committed and that the defendant committed it").

The authorities are consistent that a "preliminary examination" is a probable cause hearing, and this is also the way that the legislature uses the term in the Code of Criminal Procedure of 1963. See 725 ILCS 5/102–17, 109–3 (West 2008). Thus, we presume that when the legislature authorized State's Attorney fees for "preliminary examinations," it intended the fee to be available only when there has been a probable cause hearing. The relevant portion of section 4–2002.1(a) can therefore be read as, "For probable cause hearings for each defendant held to bail or recognizance, $20."

The approach taken by the appellate court below and in *Ellison* improperly rewrites the statute. The *Ellison* court ignored the fact that "preliminary examination" is a legal term of art in criminal procedure. Moreover, although *Ellison* focused on the phrase "bail or recognizance," it did not give effect to that language as written. The statute provides that the fee is available for preliminary examinations "for each defendant held to bail or recognizance." 55 ILCS 5/4–2002.1(a) (West 2008). The statute does *not* state that the fee is

available for hearings to determine or set bail. As the defendant points out, it is difficult to imagine why the legislature would word the statute this way if it simply wanted the fee to apply to hearings to determine whether the defendant should be admitted to bail. Moreover, although *Ellison* was primarily concerned with ensuring that it gave effect to the statutory language "bail or recognizance," its approach did *not* give effect to the language "For preliminary examinations for each defendant held to." The *Ellison* approach also *excludes* the fee for probable cause hearings, which is counterintuitive because, as the defendant points out, the State's Attorney has a clearly defined role at probable cause hearings, and this is a much more substantial role than at bail hearings. Adopting *Ellison*'s construction–which both ignores legal terms of art and rewrites the statute–would not be faithful to the rule that statutes in derogation of the common law must be strictly construed. See *Nicholls*, 71 Ill. 2d at 173.

Likely sensing the problems with the *Ellison* approach, the State argues for a different interpretation. As we explained above, the State contends that the reference in the Counties Code to "preliminary examinations" is actually a reference to the article heading for article 109 of the Code of Criminal Procedure of 1963. This interpretation would cover both the bail hearing described in section 109–1 (entitled "Person arrested") (725 ILCS 5/109–1 (West 2006)) and the probable cause hearing described in section 109–3 (entitled "Preliminary examination") (725 ILCS 5/109–3 (West 2006)). There are at least three major problems with the State's argument. First, section 109–1 expressly provides that one of the purposes of the hearing described therein, in addition to admitting the defendant to bail, is to "[s]chedule a preliminary hearing in appropriate cases." 725 ILCS 5/109–1(b)(3) (West 2006). Thus, the hearing described in section 109–1 cannot itself be the preliminary hearing. Second, the State's interpretation would directly contradict the definition of "preliminary examination" from the general definitions section of the Code of Criminal Procedure. See 725 ILCS 5/102–17 (West 2008). Third, the statutory language authorizing a fee for "preliminary examinations for each defendant held to bail or recognizance" predates the adoption of the article heading relied on by the State. The article heading relied upon by the State was enacted as part of the Code of Criminal Procedure of

1963. The relevant section of the Counties Code was enacted in 1992. See Pub. Act 87–669, §2, eff. January 1, 1992. However, as we explained recently in *People v. Williams*, No. 107140, slip op. at 5 (November 19, 2009), the predecessor statute to this section of the Counties Code was section 8 of "AN ACT concerning fees and salaries ***" (Ill. Rev. Stat. 1961, ch. 53, par. 8).[2] If we look at the 1961 Illinois Revised Statutes, for instance, we find the following language in section 8 of chapter 53: "For preliminary examinations for each defendant held to bail or recognizance, $5." Ill. Rev. Stat. 1961, ch. 53, par. 8. Thus, even before the adoption of the Criminal Code of 1963, with the article heading the State hinges its argument on, the legislature was allowing State's Attorneys to collect fees "for preliminary examinations for each defendant held to bail or recognizance." The legislature therefore could not have been referring to that article heading when it first enacted the provision allowing for preliminary examination fees.

There is an oddity with the statute that we need not resolve today, and it is an oddity that arises under either party's interpretation. The language "for each defendant held to bail or recognizance" would seem to exclude the fee for a defendant who received a probable cause hearing but was in custody and denied bail. The same issue would arise, however, if we construed "preliminary examination" to mean a bail hearing. In that case, if the State successfully argued that the defendant should be denied bail, the State would not be entitled to a fee. If the defendant was admitted to bail or released on recognizance, however, the State would be entitled to a fee. The problem may simply be a legislative oversight. The defendant believes that by

---

[2]The fee schedule for State's Attorneys was originally found in section 8 of "AN ACT concerning fees and salaries ***" (Ill. Rev. Stat. 1961, ch. 53, par. 8). The fee schedule was later moved to the Counties Code. See Ill. Rev. Stat. 1989, ch. 34, par. 4–2002, now codified at 55 ILCS 5/4–2002 (West 2008). The legislature later adopted two different State's Attorney fee schedules–one for counties with over 3 million persons, and one for counties with fewer than 3 million persons. See Ill. Rev. Stat. 1991, ch. 34, pars. 4–2002, 4–2002a, now codified at 55 ILCS 5/4–2002, 2–2002.1 (West 2008). The wording of these provisions was virtually identical, but the fees for counties of more than 3 million persons were higher.

allowing the fee for "preliminary examinations for each defendant held to bail or recognizance," the legislature was merely clarifying that the fee is available only when the State is successful at the probable cause hearing. At a preliminary examination, if probable cause is found to be lacking, the defendant is discharged. 725 ILCS 5/109–3(b) (West 2006). If probable cause is found, the "judge shall hold the defendant to answer to the court having jurisdiction of the offense." 725 ILCS 5/109–3(a) (West 2006). It is possible that the legislature was merely expressing an intent that the defendant should have to pay a preliminary examination fee only where probable cause is found and the defendant is held to bail or recognizance, but overlooked that there was a third option–probable cause could be found, with the defendant in custody and denied bail. Or, it could be that the legislature had a reason not to allow the fee when the defendant is in custody and denied bail.

Regardless, these are all questions for another day, when the issue is presented by the case and fully briefed and argued. Or it is a matter for the legislature to address. For our purposes today, it is sufficient to say that defendant did not receive a probable cause hearing, and thus he cannot be assessed a "preliminary examination" State's Attorney fee. The judgment of the appellate court is therefore reversed to the extent it upheld the $20 preliminary examination fee, and that portion of the trial court's judgment that awarded the State the preliminary examination fee is vacated. We also overrule *Ellison* to the extent that it held that the "preliminary examination" fee may be awarded when the defendant is given a bail hearing but not a probable cause hearing.

*Appellate court judgment affirmed in part*
*and reversed in part;*
*circuit court judgment vacated in part.*