# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Harris*, 2013 IL App (1st) 110309

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. HIRAM HARRIS, Defendant-Appellant. |
| District & No. | First District, Third Division<br>Docket No. 1-11-0309 |
| Rule 23 Order filed<br>Rule 23 Order<br>withdrawn<br>Opinion filed | September 11, 2013<br><br>October 29, 2013<br>November 6, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where defendant was convicted of attempted murder and elected to be sentenced under the attempt statute that went into effect on January 1, 2010, which allowed a Class 1 sentence rather than the mandated Class X sentence if defendant was found to have acted under a sudden and intense passion resulting from serious provocation and the trial court rejected defendant's contention that he was acting under a sudden and intense passion and imposed a Class X sentence, the Class X sentence was upheld, since the mere fact that the victim brandished a weapon, without more, is not one of the classes of serious provocation recognized under these circumstances. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 08-CR-11277; the Hon. Sharon Sullivan, Judge, presiding. |
| Judgment | Affirmed. |

| Counsel on Appeal | Michael J. Pelletier, Alan D. Goldberg, and Philip D. Payne, all of State Appellate Defender's Office, of Chicago, for appellant. |
| | Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Peter Fischer, Doug Harvath, and Judy L. DeAngelis, Assistant State's Attorneys, of counsel), for the People. |
| Panel | JUSTICE NEVILLE delivered the judgment of the court, with opinion. Presiding Justice Hyman and Justice Mason concurred in the judgment and opinion. |

**OPINION**

¶ 1    Following a bench trial, Hiram Harris, the defendant, was found guilty of the 2008 attempted murder of Carlee McKinney. Defendant elected to be sentenced under the version of the attempt statute that went into effect on January 1, 2010, which allows the trial court to impose a Class 1 sentence rather than the otherwise mandated Class X sentence, if the trial court finds by a preponderance of the evidence that defendant acted under a sudden and intense passion resulting from serious provocation. The trial court found that defendant was not acting under a sudden and intense passion resulting from a serious provocation and refused to sentence defendant as a Class 1 offender. Instead, the trial court imposed a Class X sentence of eight years' imprisonment. On appeal, defendant contends that the trial court erred and that brandishing a weapon is sufficient to constitute serious provocation. We affirm.

¶ 2    Around midnight on June 4, 2008, the victim, Carlee McKinney, and his brother, Darnell Smith, went to a club. Defendant and several friends were at the same club. No one testified that there was any altercation or interaction of any kind between the two groups while in the club. The club closed near 2 a.m. on June 5, and the patrons began to leave. A large group gathered under an awning outside the front door while valets were returning patrons' cars. As the patrons were leaving, Smith walked into the street to speak to his fiancée, Crystal Dyson, who was sitting in the driver's seat of her car, which was parked in front of the club. Another car pulled up next to Dyson's car and double parked. This angered Smith, because he believed the car was too close to him. An altercation erupted between Smith and the occupants of the second car. Although all witnesses agreed that angry words were exchanged, they disputed whether it escalated to a physical confrontation. Smith testified that someone punched him in the face. All witnesses agreed that the occupants of the car, who were friends of defendant, were much larger than Smith or the victim.

¶ 3    Shortly after the altercation started, the victim exited the club. He removed his shirt and

stated that no one was going to "mess" with his brother. It is disputed whether the victim also said "I got something for you big motherfuckers." Although the victim denied having a weapon, Jarell Pierce, one of defendant's friends, testified that he saw the victim reach under the passenger seat of Dyson's car and grab the butt of a handgun. Pierce testified that he said "he has a banger." Although there is some dispute about the exact location of the victim at the time, it is undisputed that defendant stabbed the victim twice with a knife, once in the back and once in the chest. Defendant testified that he did so because the victim had a handgun and he was in fear for his safety and that of his friends.

¶ 4 The trial court rejected defendant's self-defense claims stating: "While the defendant and his witnesses would like this Court to believe that the victim was reaching for a weapon, I find that that testimony was not credible." The trial court found defendant guilty of attempted murder and aggravated battery.

¶ 5 Defendant filed a motion to reconsider and a motion for acquittal alleging numerous trial errors and evidentiary defects. At the hearing on the motions, defense counsel argued, *inter alia*, that despite the State's argument that the crime does not exist, the statutes should be interpreted as creating the offense of attempted second degree murder, and defendant was guilty, at the worst, of that offense. Defense counsel stated:

"I think this case jumps out at attempt second degree murder based on the facts of the case. The State would like to claim that there is no evidence of this. There is evidence all over the record of this, of the provocation by the victim."

The trial court denied defendant's motions.

¶ 6 Defendant elected to be sentenced under the version of the statute that went into effect on January 1, 2010, which allowed for sentencing as a Class 1 offender if the trial court finds that a defendant was acting under a sudden and intense passion. Defense counsel argued that defendant was acting under a sudden intense passion because the victim was reaching for a weapon immediately prior to the stabbing. The State responded that it believed defendant was confusing sudden intense passion with unreasonable belief in the need for self-defense and that the evidence did not support his theory of the case. Defense counsel responded, "Judge, if somebody pulls a gun on you or if you believe somebody is pulling a gun on one of your friends or acquaintances, family members, whatever, if that doesn't qualify as a sudden and intense passion, I don't know what else would." Defendant supported his sentencing argument with the testimony of an additional witness, Deante Lewis, a childhood friend of defendant. Lewis was at the club and heard the victim say he had a gun and heard Pierce say "he has a banger." Lewis saw the victim reach into the car, and he ran away. Lewis did not see a weapon.

¶ 7 Following argument by the parties, the trial court denied defendant's sentencing motion, stating, "I do not believe the defendant has shown by a preponderance of the evidence in any event that the defendant was acting under serious provocation." The court proceeded to sentencing, heard arguments from the parties in aggravation and mitigation, and considered letters written on defendant's behalf and victim impact statements from the victim and his mother. The court also heard a statement from defendant. The trial court stated that it had considered all of the evidence in mitigation and aggravation, merged the aggravated battery

conviction into the attempted murder conviction, and sentenced defendant to a term of eight years' imprisonment. Defendant timely appeals.

¶ 8    On appeal defendant contends that he proved by a preponderance of the evidence that he was acting under a sudden and intense passion resulting from serious provocation and that he should have been sentenced as a Class 1 offender.

¶ 9    Although this case involves sentencing in an attempted first degree murder, we believe a brief discussion of the offense of second degree murder and the attempt statute is necessary to illuminate the legislature's intent in amending the sentencing statute.

¶ 10    In Illinois, second degree murder is defined as a first degree murder during which one of two mitigating factors, serious provocation or unreasonable belief in the need for self-defense, is present. See 720 ILCS 5/9-2 (West 2010). Attempt is defined as follows: "A person commits the offense of attempt when, with intent to commit a specific offense, he or she does any act that constitutes a substantial step toward the commission of that offense." 720 ILCS 5/8-4(a) (West 2010). In *People v. Lopez*, 166 Ill. 2d 441 (1995), our supreme court held that the offense of attempted second degree murder does not exist in Illinois. The *Lopez* court reasoned:

"Turning now to attempted second degree murder, we note that the crime of attempted second degree murder would require the intent to commit the specific offense of second degree murder. Thus, the intent required for attempted second degree murder, if it existed, would be the intent to kill without lawful justification, plus the intent to have a mitigating circumstance present. However, one cannot intend either a sudden and intense passion due to serious provocation or an unreasonable belief in the need to use deadly force. Moreover, concerning the mitigating factor of an imperfect self-defense, one cannot intend to unlawfully kill while at the same time intending to justifiably use deadly force. Thus, the offense of attempted second degree murder does not exist in this State." *Id.* at 448-49.

In a separate opinion, Justice McMorrow pointed out that the lack of attempted second degree murder could lead to the illogical situation where a defendant could be punished more severely if the victim lives than if the victim dies. See *id.* at 452 (McMorrow, J., concurring in part and dissenting in part, joined by Bilandic, C.J.) (quoting Timothy P. O'Neill, *"With Malice Toward None": A Solution to an Illinois Homicide Quandary*, 32 DePaul L. Rev. 107, 107-08 (1982)). For example, if a defendant admitted to attempting to kill a victim during a mutual quarrel and the victim lived, he would be facing a Class X sentence with a potential 30-year prison term and no possibility of probation. However, if the victim died, the defendant would only be facing a Class 1 felony sentence and might be eligible for a sentence of probation. The majority rejected a constitutional challenge to the sentencing scheme and suggested that any changes to the status of attempted second degree murder in Illinois would have to originate with the legislature. *Id.* at 450.

¶ 11    Approximately 15 years later, the legislature addressed the sentencing disparity identified by Justice McMorrow. See Pub. Act 96-710 (eff. Jan. 1, 2010) (adding 720 ILCS 5/8-4(c)(1)(E)). Defendant elected to be sentenced under this provision. Section 8-4(c)(1)(E) of the Criminal Code of 1961 (now codified as the Criminal Code of 2012 (720 ILCS 5/8-

4(c)(1)(E) (West 2012)) provides:

> "[I]f the defendant proves by a preponderance of the evidence at sentencing that, at the time of the attempted murder, he or she was acting under a sudden and intense passion resulting from serious provocation by the individual whom the defendant endeavored to kill, or another, and, had the individual the defendant endeavored to kill died, the defendant would have negligently or accidentally caused that death, then the sentence for the attempted murder is the sentence for a Class 1 felony." 720 ILCS 5/8-4(c)(1)(E) (West 2010).

¶ 12    On appeal, defendant contends that the trial court erred in finding that he had not proven by a preponderance of the evidence that he was acting under a sudden and intense passion because the evidence supports a finding that the victim made threats and brandished a firearm. We find that we need not resolve the evidentiary question, because even if we accept defendant's version of events, the victim's actions do not, as a matter of law, constitute serious provocation.

¶ 13    The phrase "serious provocation" has its roots in the second degree murder statute. See 720 ILCS 5/9-2(a)(1) (West 2010). In that context, the only categories of serious provocation our supreme court has identified are substantial physical injury or assault, mutual quarrel or combat, illegal arrest, and adultery with the offender's spouse. *People v. Campbell*, 2012 IL App (1st) 101249, ¶ 49. The legislature used the same language in a provision in the attempt sentencing statute that it had previously used in the second degree murder statute. Compare 720 ILCS 5/9-2(a)(1) (West 2010), with 720 ILCS 5/8-4(c)(1)(E) (West 2010). When construing a statute, our primary goal is to give effect to the drafter's intention and the most reliable indication of that intent is the language used, which must be given its plain and ordinary meaning. *People v. Smith*, 236 Ill. 2d 162, 167 (2010). We must presume that, when the legislature uses a term that has a well-settled legal meaning, the legislature intended it to have that settled meaning. *Id.* at 169. " 'The law uses familiar legal expressions in their familiar legal sense.' " *People v. Bailey*, 232 Ill. 2d 285, 290 (2009) (quoting *Henry v. United States*, 251 U.S. 393, 395 (1920)). Moreover, under the doctrine of *in pari materia*, two sections of a statute dealing with the same subject will be considered with reference to one another to give them harmonious effect. *People v. McCarty*, 223 Ill. 2d 109, 133 (2006). Therefore, we will interpret the term "serious provocation" in the attempt provision of the Code to have the same meaning as "serious provocation" in the second degree murder provision and limit its scope to the same four categories of provocation.

¶ 14    Here, it is clear that none of the four identified categories of serious provocation apply to the altercation the defendant was engaged in with the victim. Defendant was not injured by the victim or anyone else during the altercation. Defendant and the victim were not engaged in a mutual quarrel. In fact, defendant and the victim had no interaction at all prior to defendant stabbing him, and there is no evidence of an illegal arrest or adultery. We find that defendant has failed to present a clear argument that the altercation in this case constituted one of the four categories of serious provocation.

¶ 15    Defendant does, however, ask us to hold that "the act of brandishing a deadly weapon is sufficient to constitute serious provocation." Defendant relies on *People v. Parker*, 260 Ill.

App. 3d 942 (1994), in support of this proposition. We find no support for defendant's interpretation of this case. In *Parker*, the defendant contended that he was denied the effective assistance of counsel based on counsel's failure to request a serious provocation jury instruction. This court found that there was sufficient evidence to support requesting such an instruction when the defendant and the victim "were engaged in a heated argument in the street which [led] to a shoving match." *Id.* at 948. Defendant alleged that during the shoving match the victim pulled a gun and they struggled over it. Although the victim allegedly brandished a weapon during mutual combat, there was nonetheless underlying mutual combat. We do not find any support in *Parker* for defendant's contention that brandishing a weapon, by itself, constitutes serious provocation.

¶ 16    Moreover, we note that, although the legislature certainly could have included unreasonable belief in the need for self-defense as a mitigating sentencing factor when it added section 8-4(c)(1)(E), it did not. Accordingly, it would be inappropriate to interpret the language used as being broad enough to encompass an unreasonable belief in the need for self-defense. Defendant effectively concedes this point in his reply brief, stating: "[Defendant] does not ask this Court to find that section 5/8-4(c)(1)(E) may apply to a situation where the defendant only advances a theory of self-defense. Instead [defendant] simply asks this court to recognize that certain fact patterns, including the one at bar, constitute a valid basis for claims of self-defense *and* serious provocation." (Emphasis in original.) We express no opinion on what other fact patterns might arise, but we find that, even if we were to accept the facts as defendant suggests, the fact pattern in this case suggests solely an unreasonable belief in the need for self-defense and not one of the classes of serious provocation previously recognized by the courts of this state. Accordingly, we reject defendant's contention that the trial court erred in determining that he had not proven serious provocation and instead hold, as a matter of law, that serious provocation did not exist under the facts of this case, even if we were to accept the factual scenario posited by defendant.

¶ 17    Therefore, for the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 18    Affirmed.