2018 IL App (4th) 170434
NO. 4-17-0434

FILED
October 3, 2018
Carla Bender
4th District Appellate
Court, IL

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| ERDMAN DAIRY, INC., | ) | Appeal from |
| Plaintiff-Appellant, | ) | Circuit Court of |
| v. | ) | Sangamon County |
| ILLINOIS DEPARTMENT OF REVENUE and | ) | No. 16MR754 |
| CONSTANCE BEARD, as Director, | ) | |
| Defendants-Appellees. | ) | Honorable |
| | ) | Esteban F. Sanchez, |
| | ) | Judge Presiding. |

JUSTICE HOLDER WHITE delivered the judgment of the court, with opinion.
Justices Knecht and Turner concurred in the judgment and opinion.

**OPINION**

¶ 1         Plaintiff, Erdman Dairy, Inc. (Erdman), appeals the judgment of the circuit court, affirming the administrative decision of the Director of the Illinois Department of Revenue (Department), which denied a use tax exemption to Erdman under section 3-5(11) of the Use Tax Act (35 ILCS 105/3-5(11) (West 2012)). For the following reasons, we reverse and remand with directions.

¶ 2                                    I. BACKGROUND

¶ 3         Erdman is a dairy farm located in Chenoa, Illinois. To feed its dairy cows, Erdman grows corn and converts the corn into corn silage. There are five phases in the production of corn silage and the process takes up to two weeks to complete. Phase one involves chopping and collecting the corn. Then, using a bagger, the corn is tightly packed into a silage bag. A silage bag is made of plastic, and it can vary in size with the smallest bag being 7 by 150

feet, to the largest bag being 14 by 500 feet. Once the corn is in a silage bag, the bag is closed and the process of fermentation caused by oxygen deprivation begins.

¶ 4    When fermentation is complete, Erdman's dairy cows eat the resulting product, and the silage bag operates as storage for the remaining corn silage. After consumption of corn-silage-filled sections of a bag, cutting and discarding of empty sections of the bag takes place. Although silage bags are for onetime use, tears are repairable.

¶ 5    From November 2010 to September 2012, Erdman purchased silage bags from AT Films, Inc., a company located in Alberta, Canada. In February 2014, the Department conducted an audit of Erdman's silage bag purchases to determine if Erdman paid the required use tax. See *Id*. §3. Following the audit, the Department issued six notices of tax liability to Erdman, showing use tax due on the purchases. Erdman filed a protest, arguing that silage bags were exempt from use tax because the bags were farm equipment used for production agriculture. See *id.* §3-5(11).

¶ 6    In July 2015, an administrative hearing took place, and the administrative law judge (ALJ) ultimately concluded that silage bags are subject to use tax and ordered the finalization of the notices of tax liability. The ALJ determined silage bags failed to meet the definition of "equipment" under Department regulations. See 86 Ill. Adm. Code 130.305(k), (*l*) (2000). According to the ALJ, silage bags fall under the category of supplies. In support of her conclusion, the ALJ explained that silage bags are consumable and used only once. The ALJ found silage bags "are not the type of durable product the term 'equipment' commonly describes."

¶ 7    On July 26, 2016, the Director of the Department (Director) adopted the ALJ's recommendation and issued the final agency decision. In August 2016, Erdman appealed the

decision of the Director in the Sangamon County circuit court. On May 12, 2017, the circuit court upheld the Director's decision, thus affirming the decision of the Department to deny a use-tax exemption for purchase of the silage bags.

¶ 8　　　　This appeal followed.

¶ 9　　　　　　　　　　II. ANALYSIS

¶ 10　　　　On appeal, plaintiff argues that the Director erroneously denied it a use-tax exemption for its purchases of silage bags because the bags are equipment used in production agriculture. The Director argues it acted properly in denying plaintiff a use-tax exemption because silage bags do not qualify as "equipment" under the use-tax exemption. We reverse and remand with directions.

¶ 11　　　　　　　　　　A. Standard of Review

¶ 12　　　　In administrative review cases, we review the Director's decision rather than the decision of the circuit court. *Provena Covenant Medical Center v. Department of Revenue*, 236 Ill. 2d 368, 386, 925 N.E.2d 1131, 1142 (2010). This court reviews questions of law *de novo*, factual questions under the manifest weight standard, and mixed questions of law and fact for clear error. *Id.* at 386-87. A mixed question of law and fact occurs where the historical facts are admitted or established, the rule of law is undisputed, and the issue is whether the facts satisfy the statutory standard. *Id.* at 387. Here, because the Director considered whether the facts satisfied the statutory standard for tax exemption, the clear-error standard applies. Under the clear-error standard, we give deference to the agency's experience in interpreting and applying the statutes it administers. *Cinkus v. Village of Stickney Municipal Officers Electoral Board*, 228 Ill. 2d 200, 210, 886 N.E.2d 1011, 1018 (2008). Given the high deference afforded under this standard, we reverse the Director's decision only if the decision is clearly erroneous. In other

words, we must have a " 'definite and firm conviction that a mistake has been committed.' " (Internal quotation marks omitted.) *Id.* at 211 (quoting *AFM Messenger Service, Inc. v. Department of Employment Security*, 198 Ill. 2d 380, 395, 763 N.E.2d 272, 282 (2001)).

¶ 13                                B. Illinois Use Tax

¶ 14         In Illinois, a tax is imposed on the sale and use of tangible personal property sold at retail. 35 ILCS 120/2 (West 2012); 35 ILCS 105/3 (West 2012). Under the Retailer's Occupational Tax Act (ROTA), a sales tax is imposed on Illinois retailers that sell tangible personal property. 35 ILCS 120/2 (West 2012). A use tax is imposed on Illinois purchasers of tangible personal property from a retailer who does not impose the sales tax. 35 ILCS 105/3 (West 2012). The purpose of the use tax is to prevent avoidance of the sales tax by people who make purchases outside the state of Illinois and to protect Illinois merchants doing business within the state. *Brown's Furniture, Inc. v. Wagner*, 171 Ill. 2d 410, 418, 665 N.E.2d 795, 800 (1996). If the Illinois purchaser of the tangible personal property is not required to pay the use tax to the retailer, the purchaser must pay the tax directly to the Department. 35 ILCS 105/3-45 (West 2012). The Department imposed use-tax liability on Erdman due to its failure to pay use tax on its purchases of silage bags from AT Films, Inc., a Canadian company.

¶ 15                          C. Farm Equipment Exemption

¶ 16         Erdman asserts the silage bags it purchased from AT Films, Inc., are not subject to use tax because the bags are exempt under legislative exemptions to the use tax. Under Illinois law, taxation is the rule, and exemption is the exception. *Provena*, 236 Ill. 2d at 388. Therefore, as the taxpayer, Erdman is required to show it is entitled to the exemption. In this vein, Erdman asserts silage bags are exempt under the farm machinery and equipment exemption of the Use

Tax Act. See 35 ILCS 105/3-5(11) (West 2012). Section 3-5 of the Use Tax Act states in relevant part, as follows:

> "§ 3-5. Exemptions. Use of the following tangible personal property is exempt from the tax imposed by this Act:
>
> * * *
>
> (11) Farm machinery and *equipment*, both new and used, including that manufactured on special order, certified by the purchaser to be used primarily for production agriculture ***." (Emphasis added.) *Id.*

¶ 17 Erdman argues that the silage bags are not subject to use tax because the bags are equipment used in production agriculture. Erdman asserts that a silage bag's primary purpose is to improve agricultural production because the bags are an integral part of the fermentation process and not just necessary for storage of corn silage. Specifically, silage bags (1) improve production agriculture by improving the quality of livestock feed and (2) reduce both costs and safety hazards. Erdman makes no argument that silage bags qualify as "machinery."

¶ 18 According to the language of the statute, whether silage bags qualify for exemption involves two issues: (1) do the bags qualify as farm "machinery" or "equipment," and (2) are the bags "used primarily for production agriculture?" See *id.* The Director's analysis of whether silage bags are exempt from use tax began and ended with the threshold question: Do the silage bags qualify as "equipment?" The Director determined that silage bags are not "equipment." While Erdman focuses primarily on the "production agriculture" issue, we note, even if silage bags are for the purpose of production agriculture, an exemption is not available if the bags do not qualify as "equipment" under the Use Tax Act. Therefore, we first consider

whether the Director erred in concluding silage bags do not qualify as "equipment" for use tax purposes.

¶ 19    The Director looked to the Department's regulation (incorporating by reference the ROTA regulations) defining equipment exempt from use tax, as follows:

"k) Equipment means any independent device or apparatus separate from any machinery, but essential to production agriculture. *** Supplies, such as baling wire, baling twine, work gloves, boots, overshoes and chemicals for effluent systems are not exempt.

l) New or used repair or replacement parts, necessary for the operation of the machine used in production agriculture *** qualify for the exemption. *** Consumable supplies such as fuel, grease, oil and anti-freeze are not repair or replacement parts." 86 Ill. Adm. Code 130.305(k), (l) (2000).

¶ 20    In Illinois, courts adhere to the well-settled principle of law that "[t]he primary goal of statutory construction is to 'ascertain and give effect to the drafters' intention, and the most reliable indicator of intent is the language used, which must be given its plain and ordinary meaning.' " *Interstate Trucks, LLC v. State*, 2011 IL App (4th) 100603, ¶ 30, 959 N.E.2d 64 (quoting *People v. Smith*, 236 Ill. 2d 162, 166-67, 923 N.E.2d 259, 262 (2010)). The Director determined that silage bags are "consumable supplies" rather than "equipment" because "[t]he bags are not the type of durable product the term 'equipment' commonly describes." Rather, the life of the silage bag expires after one use and removal of the corn silage.

¶ 21    We find that by considering whether silage bags are consumable supplies, the Director undertook an irrelevant analysis. Subsection (l), which speaks to consumable supplies,

is about new or used replacement parts, not equipment. We also reject the Director's conclusion that silage bags cannot be equipment because they are not a durable product. Again, we must look to the plain language of the regulation. Absent from subsection (k) is any mention of the word "durable" or "durability."

¶ 22    The question under subsection (k) is whether a silage bag is an "independent device or apparatus separate from any machinery" that is essential to production agriculture. 86 Ill. Adm. Code 130.305(k) (2000). This is the appropriate inquiry because this is how subsection (k) defines equipment. As we find it dispositive, we look first to the plain meaning of "apparatus."

¶ 23    An "apparatus" is "a set of materials or equipment designed for a particular use." Merriam-Webster's Collegiate Dictionary 59 (11th ed. 2006). In this case, the materials previously mentioned work together for a particular use. Put another way, Erdman uses a chopper, bagger, pipes, hoses, and silage bags to create the desired environment for the creation, fermentation, and preservation of silage. The silage bags are separate from any machinery and intended for a specific use. As an apparatus, the silage bags constitute equipment as defined by the Administrative Code. See 86 Ill. Adm. Code 130.305(k) (2000).

¶ 24    The Director improperly concluded that Erdman failed to establish that silage bags qualify as equipment under the use tax exemption. Thus, we find the decision clearly erroneous. Our resolution of the equipment issue still leaves open the question of whether silage bags are essential to production agriculture. Entitlement to the exemption requires two findings: (1) that the item is equipment and (2) that the item is essential to production agriculture. The Director has yet to address the question of "essentialness" to production agriculture. We note,

initially, that the Director is entitled to make that determination. Thus, we find it appropriate to remand and give the Director the opportunity to answer this remaining question

¶ 25                                    III. CONCLUSION

¶ 26            For the reasons stated, we reverse the circuit court's judgment, affirming the Director's decision, and remand the case to the Director to determine whether silage bags are essential to production agriculture.

¶ 27            Reversed and remanded to the Department with directions.